## In re RADLEY.

(District Court, N. D. New York. July 13, 1918.)

1. BANKRUPTCY ⟨⟩387—COMPOSITION PROCEEDINGS—"PROCEEDING IN BANKRUPTCY."

Composition proceedings had by a bankrupt, adjudicated to be such on his voluntary petition, being regular in all respects, constituted a "proceeding in bankruptcy," and were part of the voluntary proceedings instituted by the bankrupt.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series. Proceeding in Bankruptcy.]

2. BANKRUPTCY ⟨⟩404(2)—RIGHT TO DISCHARGE—PRIOR DISCHARGE WITHIN SIX YEARS—"DISCHARGE IN BANKRUPTCY."

Under Bankruptcy Act, §§ 12, 14 (Comp. St. 1916, §§ 9596, 9598), a bankrupt who on his voluntary petition within the six years last past has been granted a discharge from his debts, having made composition with his creditors and had the proceeding dismissed, is not entitled to his discharge; his discharge in the composition proceedings being a "discharge in bankruptcy."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge in Bankruptcy.]

In Bankruptcy. In the matter of Frank Radley, bankrupt. On review of an order of the referee sustaining objections to the bankrupt's discharge. Report of referee confirmed, and order directed refusing discharge.

This is a hearing on review of an order of the referee in bankruptcy, Hon. James A. Van Voast, sustaining the objections to the discharge in this proceeding of the above-named bankrupt, on the ground that in voluntary bankruptcy proceedings on his part in this district within the six years last past said Radley had been granted a discharge from his debts.

Charles E. Hardies, of Amsterdam, N. Y., for bankrupt.

Thomas R. Tillott, of Schenectady, N. Y., for objecting creditors.

RAY, District Judge. [1, 2] April 17, 1913, Frank Radley, the above-named bankrupt, filed a voluntary petition in bankruptcy in this court, and was adjudicated a bankrupt April 17, 1913. In that proceeding he thereafter made an offer in composition to his creditors, which was accepted by the requisite number of creditors, and April 28, 1913, an order was made by this court confirming such composition. The moneys to pay the amounts offered in composition were

duly deposited, and after the composition was confirmed same were distributed to the creditors and the proceeding dismissed. These composition proceedings were regular in all respects, and constituted a proceeding in bankruptcy, and were a part of the voluntary proceedings instituted by said Radley.

Section 14c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. 1916, § 9598]) provides that:

"Confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

The offer of composition in this case was confirmed and distribution made, and the bankrupt was discharged from his debts in the bankruptcy proceedings instituted by him pursuant to his own request made in such proceeding and as a part thereof under the terms of the Bankruptcy Act. There can be no question that this discharge of Radley from his debts was a discharge in bankruptcy. Composition proceedings are provided for in the act itself. Section 12, Bankruptcy Act (Comp. St. 1916, § 9596). Radley was discharged from his debts because of and under and pursuant to this section of the Bankruptcy Act. These composition proceedings were not outside of the bankruptcy proceedings, but a part of them, and this was one mode pursued by the bankrupt of obtaining his discharge from his debts. He might have gone on without making an offer of composition, and on complying with the terms of the act have obtained a discharge in the other manner pointed out. This he did not do. He pursued one of the two courses, and obtained his discharge, and he pursued and availed himself of the mode provided for in sections 12 and 14 of the Bankruptcy Act.

Quite early under the administration of the present Bankruptcy Act it was found that certain persons became what may not inaptly be called professional bankrupts; that is, at frequent intervals they were found filing voluntary petitions in bankruptcy and obtaining discharges from their debts. Congress wisely saw fit to put an end to this practice, and hence provided in substance and effect in section 14 of the act, as amended, that a second discharge shall not be granted the same person where in voluntary proceedings he has been granted a discharge in bankruptcy within six years. This same section, in subdivision "c," provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge, and it cannot successfully be contended that a bankrupt has not been discharged, within the meaning of the other provisions of that section, when he has filed a voluntary petition in bankruptcy, availed himself of the provisions of the law, offered composition, which has been accepted by his creditors, and approved and confirmed by the court, and the proceeding thus closed. I think it very clear that the decision of the referee on the application for a discharge is right, and that his report should be confirmed, and an order made refusing a discharge in this proceeding.

It is so ordered.