### ROSENBERG v. BOROFSKY et al.

(Circuit Court of Appeals, First Circuit. January 24, 1924.)

No. 1688.

Bankruptcy ⬦387, 404(2)—Confirmation of composition in voluntary proceedings bars second discharge within six years thereafter; "discharge in bankruptcy."

Under Bankruptcy Act, § 12a, as amended in 1910 (Comp. St. § 9596), a composition may be confirmed before adjudication, in which case adjudication does not follow, and under section 14c (Comp. St. § 9598) such confirmation operates as a discharge and is a "discharge in bankruptcy," within the meaning of section 14b (5), being Comp. St. § 9598, which, if made in voluntary proceedings, will bar a second discharge within six years thereafter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge.]

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

In the matter of Maurice A. Rosenberg, bankrupt. From an order denying his application for discharge, opposed by Maurice J. Borofsky and others, the bankrupt appeals. Affirmed.

Judah C. Semonoff, of Providence, R. I., for appellant.
Charles S. Finklestein, of Providence, R. I., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This appeal in bankruptcy presents a single question—whether the bankrupt's application for a discharge was on October 25, 1923, properly denied because he had, within six years, on his voluntary petition, but without adjudication, had his offer in composition confirmed. The applicable provision of the statute (section 14b [Comp. St. § 9598]) is as follows:

"The judge shall hear the application for a discharge * * * and discharge the applicant unless he has (5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

The record shows that in November, 1921, the appellant filed in the court below a "petition in bankruptcy," setting forth:

"That he owes debts which he is unable to pay in full; that he is willing to surrender all his property for the benefit of his creditors, except such as is exempt by law, and desires to obtain the benefit of the acts of Congress relating to bankruptcy. * * *

"Wherefore your petitioner prays that the offer of composition filed herewith be accepted, and that he may not be adjudged by the court to be a bankrupt within the purview of said acts, until opportunity has been given for acceptance of said offer of composition."

By necessary implication this is a petition requesting adjudication, if the composition should not be confirmed, and gave the court jurisdiction over the petitioner and his estate. Section 12a, as amended in 1910 (Comp. St. § 9596).

There followed the usual proceedings in composition, including a meeting of his creditors, examination of the debtor, and, no objection being filed, and the court being satisfied that the requirements of section 12 had been met, the composition was duly confirmed.

We agree with Judge Ray in the Radley Case (D. C.) 252 Fed. 205, 206, that:

"There can be no question that this discharge * * * from his debts was a discharge in bankruptcy. Composition proceedings are provided for in the act itself."

See section 12.

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." Section 14c (Comp. St. § 9598).

Moreover, under section 12d, it is provided that the judge shall confirm the composition if satisfied that:

(2) "* * * The bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge."

Here again the confirmation is treated as a discharge.

We hold the proceedings begun in 1921 to be valid proceedings in bankruptcy, and the confirmation of the composition resulting therefrom to be a discharge in a voluntary proceeding within the meaning of section 14, supra. Cumberland Glass Co. v. DeWitt, 237 U. S. 447, 453, 35 Sup. Ct. 636, 59 L. Ed. 1042; In re Lane (D. C.) 125 Fed.

*772, 773*; Nassau Smelting & Refining Works v. Brightwood (C. C. A.) 286 Fed. 72, and cases cited.

That in this case there was composition without adjudication is of no importance; confirmation of the composition is as operative as a discharge since the amendment of 1910 as before.

It may make the situation a little clearer to compare ordinary bankruptcy with composition. In ordinary bankruptcy the two outstanding features are:

(1) The debtor is stripped of his property. It goes to his creditors. He has no interest in it.

(2) He obtains a discharge—an opportunity for a new start.

In composition cases the outstanding features are:

(1) The debtor keeps, or gets back, his estate. Composition, before or after adjudication, is, in important aspects, a bargaining between debtor and creditor. Cases supra.

(2) He invokes the machinery of the act, ordinarily, for the purpose of coercing an objecting minority, in order to get an effectual bar to all scheduled creditors.

But in both kinds of bankruptcy the debtor gets a discharge. For this result an insolvent invokes the bankruptcy jurisdiction. If he can bargain with *all* his creditors, he need not resort to the bankruptcy court. He cannot now say that through the bankruptcy court he got a discharge (confirmation of composition) which will legally bar suits by his old creditors, without admitting that this discharge may be invoked by his new creditors to prevent his discharge within six years on new bankruptcy proceedings.

The decree of the District Court is affirmed, with costs to the appellees.