## SADLER v. HIRSHBERG BROS.

Circuit Court of Appeals, Sixth Circuit.
January 4, 1928.

No. 4903.

1. **Bankruptcy ⬅415(2)—Master, under order to ascertain and report facts, need not take and report testimony, or have testimony taken by stenographer.**

Under order of reference, requiring master to ascertain and report facts, with his opinion, the master was not required to take and report testimony, with his conclusions of fact and law, or in any event to have testimony taken down by stenographer at his expense.

2. **Bankruptcy ⬅405—Creditor can object to discharge because of false statement, not made to him and of which he had no knowledge (Bankr. Act. § 14b [3]; 11 USCA § 32).**

Under Bankruptcy Act, § 14b (3) 11 USCA § 32, authorizing trustee in bankruptcy or other parties in interest to object to discharge, on ground bankrupt obtained money or credit on materially false statement in writing, a creditor can object to discharge because of false statement, not made to him and of which he had no knowledge when he became a creditor.

3. **Bankruptcy ⬅407(8)—That person to whom false statement was made was not scheduled, or that claim was paid, is immaterial as bearing on right to discharge.**

That person to whom false statement by bankrupt was made was not scheduled as a creditor, or that balance of claim owing at bankruptcy had since been paid off, is immaterial as bearing on bankrupt's right to discharge.

Appeal from the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

In the matter of the bankruptcy of Sam Jones Sadler, wherein Hirshberg Bros., as creditors, opposed the discharge. Decree denying discharge, and bankrupt appeals. Affirmed.

Robert L. Sadler, of Nashville, Tenn., for appellant.

W. B. Marr, of Nashville, Tenn., for appellees.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. A creditor specified as his objection to a discharge in bank-

ruptcy that bankrupt, to obtain credit from Nashville Savings & Loan Corporation, made a false statement in writing as to his liabilities at the time of his application for a loan from this corporation and obtained the loan on the faith thereof; the statement being the answer, "None," to the question, "Obligations, not mortgages, outstanding."

In answer thereto bankrupt denied executing or authorizing execution of the paper. It appears, from a document filed in court and designated as testimony taken on behalf of the objecting creditors, but without any certificate that bankrupt had paid the loan company since bankruptcy and received back the original document, a copy of which was produced, that other amounts were owing by him at the date of the document, contracted before the date of that document, and that the loan corporation had relied upon the written statement in making the loan. There further appears in the record a written motion to strike out certain of this testimony.

A special master's report, after reciting that the cause was referred to him, made findings "pursuant to a hearing at which oral and documentary evidence was introduced, made a part hereof and marked Exhibit A" (which does not however appear in the record), and overruled most of bankrupt's exceptions to testimony. The findings were in accordance with the specifications of objection to discharge, and the conclusion was expressed that bankrupt was not entitled to a discharge. After exceptions, the master reported that the cause had been re-referred; that he had served notice on the bankrupt to produce the original loan application; that after several continuances at bankrupt's request, to enable him further to search for the paper, bankrupt appeared and denied that he had the paper, or had ever delivered it to the loan corporation. Other witnesses contradicted him, and testified to the correctness of a copy offered and received in evidence. The report repeated the earlier findings and recommendations.

Exceptions filed recited that the special master declined bankrupt's attorney's request to have a reporter take down the testimony. They then proceeded to give a version of the testimony. The District Judge, in an opinion filed, after reciting the two references, the transcribing of the testimony taken on the first hearing, the dispute as to the testimony on the re-reference, and the master's finding and recommendation, stated that he accepted the testimony on the first hearing supported by the master's findings on the later reference, as true, affirmed the findings, and denied the discharge, over objection that only the creditors who relied upon the false statement could object to the discharge. In the order denying the discharge, it was recited that the reference was "to ascertain and report the facts with his opinion."

[1] 1. The master was not required, under the order of reference as recited in the final order denying the discharge, to take and report the testimony, with his conclusions of fact and law. In any event, he was not required at his expense to have the testimony taken by a stenographer. Doubtless the court, if attention had been directed thereto by a motion, would have granted the usual order to take and report the testimony, and doubtless the master, on offer by the parties to pay the stenographer, would have had the testimony so taken and transcribed. That this was not done furnishes no basis for complaint by bankrupt. The court would have been justified, in the circumstances, in accepting the master's conclusions of fact. The District Judge, however, considered the evidence as reported, and we concur in his and the master's conclusions of fact therefrom.

[2, 3] 2. The only legal question is whether a creditor can object to a discharge because of a false statement, not made to him and of which he had no knowledge when he became a creditor. Inasmuch as, under Bankruptcy Act, § 14b (3), 11 USCA § 32, "the trustee in bankruptcy or other parties in interest" may object to a discharge on the ground that the bankrupt obtained money on credit upon a materially false statement in writing made by him "to any person" as the act read before the amendment of May 27, 1926 (44 Stat. 662), and without these last-quoted words under that amendment, we concur, too, in the master's and District Judge's conclusion of law denying the discharge. A similar conclusion was reached in Re A. B. Carton & Co., 148 F. 63 (Hough, District Judge), and other District Court cases; no contrary decision has been found. That the one to whom the false statement was made was not scheduled as a creditor, or that the balance of his claim owing at bankruptcy has since been paid off, is immaterial.

Decree affirmed.