ment or not. Section 64a, Bankruptcy Act, 11 USCA § 104(a). The act does not contemplate that such taxes shall be proved like an ordinary debt, as they are to be paid by the trustee on the order of the court. In re Prince & Walter (D. C.) 131 F. 546. The trustee's duty is to ascertain what taxes are assessed against the estate of the bankrupt, and to secure authority from the court to pay them. Stanard v. Dayton (C. C. A.) 220 F. 441. They are not "debts" in the ordinary sense of that word, and do not come within the provision of debts provided for within the Bankruptcy Act. Hecox v. Teller County et al. (C. C. A.) 198 F. 634; United States v. Herron, 87 U. S. (20 Wall.) 251, 22 L. Ed. 275. The government cannot be deprived of the collection of taxes simply because proof of such claim was not properly made and filed.

The conclusion thus reached disposes of the contention that the claim was not duly verified, as it is obvious that such is not required to be done by the government.

The order sought to be reviewed will therefore be reversed, with directions to reexamine the claim upon behalf of the United States and ascertain if any amount is due thereon, after giving notice of the hearing to the government and the trustee.

ber 24, 1930, herein, granting the motion to dismiss the bankruptcy proceeding and to vacate stays contained in orders granted October 15 and 31, 1930, it is urged that the motion was mistakenly granted as to the dismissal of the proceeding, because, in the prior proceeding, there was a composition; from this, it is reasoned that there was no prior discharge, hence there can be one granted in this proceeding.

It is said in Matter of Cohen, 10 Am. Bankr. Rep. (N. S.) 402, at page 404:

"A composition when confirmed is in effect a discharge. (See section 14-c; cf. section 21-e and f.)"

It seems obvious that, if this were not so, there never would be any composition.

Therefore, this bankrupt has been discharged within six years prior to the present proceeding, and, for that reason, he cannot obtain a discharge in this proceeding.

Whether the court possesses the power to dismiss the pending petition in bankruptcy for that reason, or whether the objection must be reserved until discharge is sought, is not so clear. If counsel desire to submit their views on this subject, they will please do so on or before December 5, 1930.

## In re HOLST.

### No. 19478.

District Court, E. D. New York.
Dec. 2, 1930.

Joseph Krinsky, of New York City, for August W. Dodge, creditor.

Saul Becker, of New York City, for bankrupt.

**BYERS, District Judge.**

Upon settlement of the order submitted pursuant to memorandum decision of Novem-

## IN RE STAUBER.

### Patent Appeal No. 2551.

Court of Customs and Patent Appeals.
Dec. 19, 1930.