53 F.2d 454 (1931)
In re GOLDBERG et al.
ISBERG
v.
BUTLER BROS.
No. 5720.
Circuit Court of Appeals, Sixth Circuit.
November 6, 1931.
*455 Lee E. Joslyn, Sr., of Detroit, Mich. (Joslyn, Joslyn & Joslyn, of Detroit, Mich., on the brief), for appellant.
Cyril E. Bailey, of Detroit, Mich. (John McNeil Burns, of Detroit, Mich., on the brief), for appellee.
Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.
HICKS, Circuit Judge.
The question for decision is, whether confirmation of a composition in bankruptcy bars a later confirmation of composition within six years. The District Judge thought it did. We cannot accept this view.
The matter is of primary impression. Congress for the first time provided for composition in bankruptcy by the amendment of June 22, 1874 (18 Stat. 178), to the Bankruptcy Act of 1867 (14 Stat. 517). Neither that act nor any amendment thereto limited the number of compositions a bankrupt might obtain within any given period, nor does the present act expressly do so. The applicable portion thereof is section 12d (11 USCA § 30 (d), to wit, that "the judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith." This paragraph originated with the act, and Congress has never disturbed it. It is not difficult to determine what "acts" and "duties" were referred to in clause (2). They are those acts and duties found in clauses (1) and (2) of section 14b of the original act.[1] Section 14b has been amended from time to time until it now stands as printed in the margin.[2] By its provisions, *456 a discharge is denied if the bankrupt has committed any of the offenses or failed to perform any of the duties specified in its numbered clauses. See Bluthenthal v. Jones, 208 U. S. 64, 65, 28 S. Ct. 192, 52 L. Ed. 390; In re Jacobs, 241 F. 620, 624 (C. C. A. 6). Section 12d (2) denies composition upon the same grounds; that is, if the bankrupt has been guilty of any of the acts or failed to perform any of the duties specified in section 14b, as it now stands, which would be a bar to his discharge. If appellant is denied confirmation of the composition he has made with his creditors, it can only be because he is guilty of the offense of applying for such an order within six years after he "has been granted a discharge in bankruptcy." See clause (5) of section 14b. But he has not "been granted a discharge in bankruptcy" within that period, unless the confirmation of a composition is tantamount thereto.
The argument is that section 14c of the act[3] renders a composition equivalent to a discharge within the meaning of the term "discharge" as found in section 12d, (2) and section 14b, (5). The difficulty, however, is, that Congress has failed to declare aptly and definitely any such intention or effect. The matter could hardly have escaped attention when clause (5) was added to section 14b in 1903, or when clause (5) was amended in 1926.
If the argument is sound, it follows that appellant is denied a composition because he is guilty of committing an offense not explicitly denounced, and having no firmer basis than judicial construction. We do not think such a result is justified by any legislative policy of which we are aware. The word "guilty" used in clause (2) of paragraph (d), § 12 denotes intentional wrongdoing. See Firestone v. Harvey, 174 F. 574, 577 (C. C. A. 6); In re Rosenthal, 231 F. 449, 450 (C. C. A. 2); Gilpin v. Merchants' Natl. Bank, 165 F. 607, 20 L. R. A. (N. S.) 1023 (C. C. A. 3). Before the bankrupt should be charged with fraudulent misconduct and penalized therefor, the statute which authorizes the penalty should be free from the necessity of interpretation. If it is ambiguous, the bankrupt might proceed upon one conception of his rights and the courts upon another, or different courts might entertain divergent views.
In any event, we do not think the legislative declaration that "the confirmation of a composition shall discharge the bankrupt from his debts * * *" was intended to mean that such confirmation is in all respects the equivalent of a "discharge in bankruptcy" in the contemplation of either section 12d (2) or section 14b (5). It is similar to a discharge in that, in effect, it operates to discharge the bankrupt from certain debts (Sec. 14c; see, also, Cumberland Glass Co. v. DeWitt, 237 U. S. 447, 452, 35 S. Ct. 636, 59 L. Ed. 1042; and Nassau Smelting & R. Works v. Brightwood B. Fdry. Co., 265 U. S. 269, 271, 44 S. Ct. 506, 68 L. Ed. 1013), but this is only one characteristic. Composition has many attributes peculiar to itself. As pointed out in the Nassau Case, supra, it is a settlement by the bankrupt with his creditors; it in a measure supersedes and is outside of the bankruptcy proceedings. See Greenbaum v. U. S., 280 F. 474, 477 (C. C. A. 6). It follows a voluntary offer by the bankrupt and its acceptance by a majority of creditors representing a majority in amount of claims, and, unless it is so accepted, it cannot be confirmed at all. It partakes of the nature of a contract. See Myers v. International Trust Co., 273 U. S. 380, 383, 47 S. Ct. 372, 71 L. Ed. 692; In re Lane (D. C.) 125 F. 772, 773. Upon its confirmation, settlement immediately follows, and the case is dismissed. It cannot be confirmed at all unless the judge is satisfied that confirmation is for the best interests of creditors and in good faith. Bankr. Act § 12d (1) (3), 11 USCA § 30 (d) (1) (3). The procedure under it is both speedy and inexpensive, and is designed to prevent injury incident to delay. Section 12a was amended in 1910 (11 USCA § 30 (a) to provide for composition before adjudication. See Phelan v. Parsons, 23 F.(2d) 7, 9 (C. C. A. 1). A discharge cannot precede adjudication. *457 Composition is advantageous to the creditor because it permits him to bargain, and assures him that he will get what he bargains for. Myers v. Trust Co., supra; In re Joseph (C. C.) 24 F. 137. It is an advantage to the bankrupt, in that upon confirmation he is revested with the title to his property and takes it into his own control. In re Frischknecht, 223 F. 417 (C. C. A. 2); Phelan v. Parsons, supra. The procedure under it differs from the ordinary procedure in bankruptcy to the extent that, under given circumstances (section 12a), the progress of the case may be halted and delayed, but if composition fails the administration of the estate proceeds in bankruptcy to a discharge. There are other striking differences which the statute makes obvious, but which it will serve no good purpose to particularize.
Upon full consideration, we cannot say, until there shall be more explicit legislative pronouncement, that Congress has intended to deny a bankrupt and his creditors the privilege of more than one beneficial good faith settlement within any six-year period. The reason for such a denial is not apparent. It has been uniformly held that the bankrupt is entitled to a liberal construction of the act in his favor. See In re Jacobs, 241 F. 620, 624 (C. C. A. 6). There is nothing to indicate that Congress ever considered such settlements as a public evil or that it was ever confronted with the particular question. Judged by the reported decisions, this is its first appearance in the courts.
It is urged upon us that it was the intention of Congress to circumvent fraud; that is, to prevent a bankrupt who cannot get a discharge, from securing its equivalent through composition. This argument does not convince. The statute amply forestalls any such attempt by the provision that the judge must be satisfied that (section 12d (3) the offer and its acceptance are in good faith. Appellee relies upon the cases of Rosenberg v. Borofsky, 295 F. 500 (C. C. A. 1), and the District Court cases, In re Radley, 252 F. 205, and In re Massell, 285 F. 577. The question in those cases was whether an application for a discharge rather than a confirmation of composition was properly denied when a composition had been confirmed within six years. Although these questions are somewhat analogous, they are not identical with the question here.
Our attention has been called to United States v. Hammond, 104 F. 862 (C. C. A. 6), wherein it was held that under section 25, Bankr. Act 1898, allowing appeals from a judgment granting or denying a discharge, an appeal lies from a refusal to confirm a composition. There the court said that a "discharge" was the equivalent of a composition for the "purposes of the Act"; but it was dealing with section 25 as it was then, (1900) written and not with section 12d (2) or section 14b as it now stands, or with the question for decision here.
The order of the District Court is reversed, and the case remanded for further proceedings consistent herewith.
HICKENLOOPER, Circuit Judge (dissenting).
Section 14b of the Bankruptcy Act, as amended (title 11, U. S. C., § 32 [11 USCA § 32]), provides that the District Judge shall hear an application for discharge and investigate its merits, and shall discharge the applicant unless he "(5) has been granted a discharge in bankruptcy within six years." Subdivision c of section 14 provides that: "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." It has accordingly been generally accepted that for the purpose of applying the provisions of the Bankruptcy Act the prior confirmation of a composition is to be regarded as the true equivalent of a prior discharge. Compare, U. S. v. Hammond, 104 F. 862, 864 (C. C. A. 6). A bankrupt is thus powerless to secure a discharge under this section if he has made a composition within six years. See In re Radley, 252 F. 205 (D. C., N. D. N. Y.); In re Massell, 285 F. 577 (D. C., Mass.); In re Holst, 45 F. (2d) 661 (D. C., E. D. N. Y.); Rosenberg v. Borofsky, 295 F. 500 (C. C. A. 1). Compare Friend v. Talcott, 228 U. S. 27, 35, 33 S. Ct. 505, 57 L. Ed. 718. The question here is whether the selfsame prior confirmation of a composition which would bar a subsequent discharge under section 14b (5) will likewise bar the subsequent confirmation of a composition under section 12d (2), title 11, U. S. C., § 30 (11 USCA § 30).
Although compositions are in a sense voluntary proceedings on both sides, and partake in some respects of the nature of contracts of settlement, they are governed by and arise under the Bankruptcy Act, and are compulsory as to the dissenting minority. No right to a discharge by this route can exist unless, under all the provisions of the Bankruptcy Act, it affirmatively appears that Congress intended a debtor to have such relief. *458 Nor can the right, once given, be considered recurrent and unlimited, if it fairly appears from the act that such was not the intent of Congress; and, in deciding this question, the parts of the act relative to composition are to be construed in pari materia with all other provisions therein. Cumberland Glass Co. v. DeWitt, 237 U. S. 447, 35 S. Ct. 636, 59 L. Ed. 1042. Thus, in the present case, the question resolves itself into whether, under all the provisions of the act, it fairly appears that Congress did not intend to confer upon a debtor the right to be relieved of his debts, in whole or in part (as, for example, 49.9 per cent. in number of creditors and in amount of debts), more often than once in every six years. This seems to me to be the proper interpretation of the act.
Section 12d (2) provides that the judge shall confirm the composition if satisfied that "the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge." Since confirmation of a composition within six years does bar a discharge under section 14, it would seem to follow that it must likewise bar the subsequent confirmation of a composition under section 12, if such composition may be fairly considered the "act" of the debtor, and unless the use of the word "guilty" creates an exception to and limitation of the various bars to a discharge enumerated in section 14 which would otherwise be incorporated by reference in section 12. That a composition is in a very true sense an "act" of the debtor would seem apparent, since it must originate with his offer and be carried into effect by his efforts. That the word "guilty" in section 12 does not limit the extent of the incorporation by reference to such acts only as are criminal or wrongful in their nature seems to me to follow from the history of the legislation and the decisions construing it.
The language of section 12, that "the bankrupt has not been guilty of any of the acts, * * *" has not been changed since the original enactment of the Bankruptcy Act in 1898, when, of course, it referred only to the offenses or wrongful acts which alone then prevented a discharge under section 14b. By the Act of February 5, 1903, c. 487, § 4, 32 Stat. 797, Congress added "in voluntary proceedings been granted a discharge in bankruptcy within six years" to the provisions of section 14b. The language of section 12 was not then modified. Thus by the 1903 amendment, Congress first added to the statutory bars to obtaining a discharge one which was not in its essence an offense or wrongful act. Before this amendment, section 12d (2) applied to all of the obstacles to discharge enumerated in section 14b. It would seem to me that the mere fact that the language of section 12 remained unchanged is insufficient to show an intent upon the part of Congress that section 12 should not continue to incorporate by reference all of the obstacles to discharge enumerated in section 14; or that the mere retention in section 12 of the words "been guilty," appropriate enough when the act was first passed, impliedly created an exception to the obstacles to discharge so incorporated.
There is no precedent directly adjudicating the question now presented, whether prior confirmation of a composition, within six years, will bar a subsequent confirmation of composition; but in Bluthenthal v. Jones, 208 U. S. 64, 66, 28 S. Ct. 192, 52 L. Ed. 390, we find the Supreme Court specifically referring to the provision of section 14b (5), as then expressed, "in voluntary proceedings been granted a discharge in bankruptcy within six years," as an "offense." True, the confirmation of a composition was not there involved, but it is interesting to note that the Supreme Court imputed to each of the provisions as to what constituted a bar to a discharge under section 14, including what was then and is now section 14b (5), the character and nature of an offense, and referred to it as being "committed" by the debtor, and that this is in complete harmony with the language employed in section 12d (2).
In Collier on Bankruptcy (13th Ed.) p. 451, in referring to section 12d (2), the author says: "But since the confirmation of a composition discharges the bankrupt, it is reasonable that the same grounds which prevent a discharge on a direct petition should also prevent a discharge on an application for confirmation of a composition. The intention clearly is to prevent one who cannot get a discharge from securing its equivalent through a composition." Remington on Bankruptcy, 1930 Supp. to vol. 7, § 3119½, specifically lays down the proposition that "the confirmation of a composition in voluntary bankruptcy being in effect a discharge of the bankrupt in voluntary bankruptcy, would seem, if it takes place within six years, to be a bar not only to a subsequent discharge but also to a subsequent composition." The voluntary character of the prior proceeding is no longer of moment. Act of May 27, 1926, c. 406, § 6, 44 Stat. 663 (Suppl. to title 11, U. S. C., § 32 [11 USCA § 32]). In Re Mirkus, 289 F. 732, 735, 31 A. L. R. *459 435 (C. C. A. 2), the court, in considering a somewhat analogous question, says: "The tests for barring discharges are identical with those barring compositions."
For the reasons above stated, and in view of the general unanimity of opinion as expressed by the most eminent of the writers of text-books upon the subject, and as indicated by the opinions of previously decided cases, scarce as the latter are, that section 12d (2) must be construed as if it incorporated by references all of the grounds which would bar a discharge under section 14, and not only those which partook of the nature of wrongful acts, I am of the opinion that the judgment of the District Court should be affirmed. I am unwilling to depart from the generally accepted construction without precedent and without what seems to me to be a compelling reason. Beneficent results to the bankrupt should neither, in my judgment, override the weight of considered opinion by those eminently qualified upon the subject, albeit they are text-writers and not judges, nor what to me seems the logical construction of the act. The necessity for the opinion of a District Judge, that the composition is "for the best interests of the creditors," and the requirement of approval by a majority in number and amount of such creditors, show an effort on the part of Congress to safeguard the minority in every composition, but I do not feel that they show an intent, even remotely, that the unwilling creditor must sacrifice a part of his claim upon recurrent compositions of the habitual bankrupt whenever and as often as a single District Judge and a majority in number and amount of his fellow creditors can be induced to so decide. The unwilling minority should, I think, be left to decide upon the advisability of the settlement for themselves, until Congress more clearly indicates that its (to me) apparent intent was not its true intent.
NOTES
[1] Section 14b: "The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained." 30 Stat. 550.
[2] Section 14b: "The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) destroyed, mutilated, falsified, concealed, or failed to keep books of account, or records, from which his financial condition and business transactions might be ascertained; unless the court deem such failure or acts to have been justified, under all the circumstances of the case; or (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition; or (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed or permitted to be removed, destroyed, or concealed any of his property, with intent to hinder, delay, or defraud his creditors; or (5) has been granted a discharge in bankruptcy within six years; or (6) in the course of proceedings in bankruptcy, refused to obey any lawful order of or to answer any material question approved by the court; or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt; And provided further, That the trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do by the creditors at a meeting of creditors called for that purpose on the application of any creditor." 11 USCA § 32(b).
[3] Section 14c: "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." 11 USCA § 32(c).