In re NEWMAN.

NEWMAN v. BURNHAM.
No. 8963.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1942.

David Ralph Hertz, of Cleveland, Ohio
(Wm. J. Dawley and David Ralph Hertz,
both of Cleveland, Ohio, on the brief), for
appellant.

Edwin F. Woodle, of Cleveland, Ohio
(Woodle & Wachtel, of Cleveland, Ohio,
on the brief), for appellee.

Before SIMONS and MARTIN, Circuit Judges, and SWINFORD, District
Judge.

MARTIN, Circuit Judge.

The Referee in Bankruptcy overruled the objections of the Trustee to the discharge of the bankrupt. The objections were grounded upon specifications to the effect that the bankrupt had failed to keep or preserve books of account or records, in conformity with Section 14, sub. c (2), and had failed to explain satisfactorily losses of assets as required by Section 14, sub. c (7) of the Bankruptcy Act, Title 11, Sec. 32, sub. c (2), (7), U.S.C.A.

From the certificate of the Referee upon review of his order granting the discharge, it appears that the only testimony of record was that of the bankrupt.

The Referee found the facts to be that the bankrupt, an inexperienced young man, engaged for about three years in buying and selling drug store merchandise in odd lots. His capital was not munificent, being approximately $200 cash. Without a bank account or an office and with no employees, he conducted his small personal business from his home. He carried no stock of goods, but occasionally stored merchandise in the storeroom of the apartment in which he lived.

The bankrupt's total purchases amounted to eight or ten thousand dollars. On some re-sales there were profits; on others, there were losses. In one instance, he bought a worthless lot of combs for $2,000; in another, he sustained losses in the purchase of cosmetics, spoiled by freezing. On another occasion, he bought crystals which evaporated "like thin air." As a business man, the bankrupt was indeed a crystal gazer.

The appellant bankrupt testified that he sold no goods at less than their cost price. In every instance, credit was extended to him without request for a financial statement. He said he kept no books, because he considered bookkeeping unnecessary. After paying creditors varying amounts, on account of goods purchased, he used the money received from sales for the support of himself and his wife. His somewhat serious illness augmented his living expense. At the time of his adjudication in bankruptcy, he owed creditors approximately $6,000.

In his findings, the Referee pointed out that the only records ever kept by the bankrupt were some purchase invoices, which were later lost or destroyed without any deliberate purpose; that the nature of the bankrupt's business transactions was such that his failure to keep and preserve books and records was justified in the circumstances disclosed by the evidence; and that the bankrupt had satisfactorily explained losses of assets, and the deficiency of assets to meet liabilities.

The Referee certified, moreover, that his findings were based, to a great extent, upon "the demeanor of bankrupt on the witness stand, his attitude and willingness to answer questions without quibble, and the apparent frankness he displayed."

But the District Judge disagreed with the Referee. From reading the testimony, the District Judge was "unable to conclude that the bankrupt has made a satisfactory explanation of his financial transactions and the disposition of property or proceeds coming into his possession during his business venture." Accordingly, the order of the Referee granting the discharge was reversed by the Judge. The bankrupt has appealed to this court.

In our circuit, the existing rule is that the District Judge should not disturb the findings of fact of a Referee in Bankruptcy, unless there is most cogent evidence of mistake and miscarriage of justice. Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 158, 24 L.R.A.,N.S., 184.

See, also, Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476, 479, where numerous opinions to the same effect were cited from other circuits.

Furthermore, the rule of this circuit is that the right to a discharge in bankruptcy should be liberally construed. In re Jacobs, 6 Cir., 241 F. 620; In re Goldberg, 6 Cir., 53 F.2d 454, 455, 457, 80 A.L.R. 399; Kowalsky v. American Employers Ins. Co., supra.

It would seem that the District Judge gave insufficient weight to the fact-findings of the Referee, who emphasized personal observation of the bankrupt on the witness stand as the principal reason for his faith in the truth of the testimony. Neither the District Judge nor this Court has had like opportunity. The Referee was, therefore, in superior position to rationalize upon the facts.

The record reveals no cogent evidence demonstrating error in the findings of fact of the Referee. Nor does it appear that justice would be miscarried by granting the discharge of the bankrupt.

The order of the District Judge denying the discharge is reversed; and the cause is remanded with direction that the objections of the Trustee be overruled and that the bankrupt be granted his discharge.