**In re PUBLIC GAS & COKE CO. et al.**

**No. 6432.**

District Court, W. D. Michigan, S. D.

May 21, 1942.

Brewer, Smith & Farrell, of Chicago, Ill., and Ross H. Lamb, of Benton Harbor, Mich., for debtors.

Clausen, Hirsh & Miller, of Chicago, Ill., and Smith, Searl & Strawhecker, of Grand Rapids, Mich., for objectors.

RAYMOND, District Judge.

This matter is before the court upon exceptions by National Gas and Electric Corporation, Public Gas & Coke Company, and Michigan Fuel and Light Company to that part of the third report of the special master which recommends the payment to Ross H. Lamb of attorney fees of $22,500, less $5,500 paid on account, leaving a balance of $17,000. It is alleged that the amount recommended is in excess of the fair value of the services, and that the financial condition of the reorganized companies is not sufficient to pay the amount recommended. The court has had the benefit not only of oral argument but also of complete review of the transcript of the testimony taken before the special master and of briefs filed with him. The amount claimed before the special master for fees by Ross H. Lamb was $30,000. The special master disallowed $7,500 of the amount claimed. The account covers services rendered from October 1, 1935, to March 7, 1941. The proofs establish an expenditure of 2,460 hours in matters relating to and which were beneficial in the reorganization of debtor and the subsidiary debtor.

It is undisputed that the nature of the issues involved required a high degree of skill and that much time and research were necessary. Many complicated issues arose which were vigorously contested. The value of the property was in excess of four million dollars, and the contemplated benefits were ultimately realized. The court is in accord with the master's finding that there are sufficient funds to satisfy all reasonable fees and expenses allowed in these proceedings. Laying aside any presumption which exists in favor of the correctness of the master's report upon the facts (see Dee v. United Exchange Bldg., 9 Cir., 88 F.2d 372; In re Connecticut Co., 2 Cir., 107 F.2d 734; In re Newman, 6 Cir., 126 F.2d 336; In re Pullmatch, Inc., D.C., 27 F.Supp. 884; In re Philpott, D.C., 37 F. Supp. 43), I have reached the same conclusions as those of the special master.

It is as important that fees for meritorious services actually rendered and necessary to effectuate a reorganization should be allowed as it is that the courts should prevent the undue enrichment of attorneys for services of little or no value

to the debtor. See In re Watco Corporation, 7 Cir., 95 F.2d 249.

An order will be entered confirming the third report of the special master and overruling the exceptions filed thereto.