1000

## In re MOSKOWITZ.
### No. 14789.

District Court, W. D. Kentucky,
Louisville Division.

Jan. 18, 1946.

Woodward, Dawson, Hobson & Fulton, of Louisville, Ky., for bankrupt.

Leo T. Wolford and D. A. Sachs, Jr., both of Louisville, Ky., for objecting creditor.

MILLER, District Judge.

Julius Moskowitz was adjudicated a bankrupt on October 3, 1944. The Citizens Fidelity Bank and Trust Company filed objections to his discharge upon the following grounds:

1. The bankrupt failed to keep or preserve books of accounts or records, from which his financial condition and business transactions might be ascertained;

2. The bankrupt obtained money or property on credit by making a materially false statement in writing respecting his financial condition;

being two of the grounds enumerated in Section 14, sub. c, of the Bankruptcy Act, Section 32, sub. c, Title 11 U.S.C.A., authorizing the Court to deny the discharge. On October 9, 1945, the Referee entered an order sustaining both objections and denying the bankrupt a discharge. On October 16, 1945, the bankrupt filed a Petition for Review of this order.

The petition for review merely alleges "that said order was and is erroneous," without specifying in any particular the nature of the error. Section 39, sub. c, of the Bankruptcy Act, section 67, sub. c, Title 11 U.S.C.A., provides that a person aggrieved by an order of a Referee may file a petition for review of such order, and that "Such petition shall set forth the order complained of and the alleged errors in respect thereto." There is authority to the effect that such a general assignment of error as was made in this case is not sufficient. In re Musgrave, D.C.N.D.W.Va., 27 F.Supp. 341; In re Florsheim, D.C.S.D.Cal., 24 F. Supp. 991. See Collier on Bankruptcy, 14th Ed., Section 39.22. It will be noticed that the Act requires that the petition shall designate both the order complained of and the errors in the order. This would seem to mean more than a general reference to the order complained of. Otherwise the statutory provision would have normally read "Such petition shall set forth the order complained of." The failure of the petition to review in the present case to meet this requirement is sufficient by itself to cause the dismissal of the petition.

The Court has, nevertheless, reviewed the evidence and is of the view that irrespective of the first grounds in the objections to the discharge, upon which it is considered unnecessary to rule, the second grounds specified in the objections are well supported by the evidence. The financial statement which the bankrupt executed and used for the purpose of securing credit from the Wolf's Head Oil Refining Company not only materially misrepresented his

cash in bank, but also failed to disclose a note for $450 owing to the bank, and placed a value on general assets several thousand dollars in excess of what subsequently was shown to be their fair market value. The Referee's finding on this point, to the effect that the bankrupt had obtained property on credit upon a materially false statement in writing, is supported by the evidence and should be affirmed. In re Newman, 6 Cir., 126 F.2d 336; Kowalsky v. American Employers' Insurance Co., 6 Cir., 90 F.2d 476.

It is true that the false statement relied on by the objecting creditor (Citizens Fidelity Bank and Trust Company) was a statement made to another creditor (Wolf's Head Oil Refining Company). Section 14, sub. b, of the Act, Section 32, sub. b, Title 11 U.S.C.A., provides for the filing of pleas in opposition to the discharge "by the trustee, creditors, the United States Attorney, or such other attorney as the Attorney General may designate." The term "creditors" supersedes the phrase "parties in interest" in the earlier Act. Under that Act the Circuit Court of Appeals for this Circuit has held that the objection was not limited to the specific creditor to whom the false statement was made. Sadler v. Hirshberg Bros., 23 F.2d 245. The ruling would appear to be the same under the new wording of the Act. The effect of obtaining credit by a false statement in writing operates upon all creditors of the bankrupt and there is nothing in the present wording of the Act which would restrict the right to merely one creditor. See In re Sheridan, D.C.N.J., 34 F.Supp. 286.

The Referee's order of October 9, 1945, is affirmed and the petition to review is dismissed.