## In re BEEBE.
### No. 67164.

United States District Court
N. D. Ohio, E. D.
July 23, 1951.

The following is the opinion of WOODS, Referee:

I, Wm. B. Woods, Referee in Bankruptcy, in charge of the above proceeding, do hereby certify:

That in the course of such proceeding, The Ohio Merchants Trust Company of Massillon, Ohio, filed Objection and Opposition to the discharge of bankrupt, and upon hearing had, an order was entered on June 1, 1951, overruling and dismissing said objections and discharging said bankrupt.

Thereafter, on June 9, 1951, the said objector filed its Petition for Review of the referee's order granting the discharge of bankrupt.

## Findings of Fact.

(1) That William Edward Beebe filed his petition and was adjudicated a bankrupt on May 25, 1950.

(2) That Jack Roesch of Massillon, Ohio, is the duly appointed, qualified, and acting trustee in bankruptcy.

(3) That on October 20, 1948, bankrupt purchased a 1941 Ford automobile, borrowing $748.50 from the Associates Discount Corporation to pay for same and executed a chattel mortgage to said Associates Discount Corporation on said automobile.

(4) That after making one payment on said mortgage debt, bankrupt broke his leg and was ill and was unable to make any more payments for a period of eight months.

(5) That in December, 1948, Catherine Beebe, wife of bankrupt, secured an extention for the payment due in December; and when the next payment became due in January, 1949, she sought another extension, at which time Associates Discount Corporation sent its agent to bankrupt's home to repossess said automobile; that at which time bankrupt agreed with his wife that if she would make the payments on the Ford automobile and save\ the car from being repossessed, he would transfer the title to her when the mortgage was paid in full.

(6) That thereafter, by the uncontradicted testimony of bankrupt and his wife,

this agreement was carried out, she made four payments of $49.90 and shared equally with bankrupt in making four payments on said debt; the last payment was made by the wife on January 16, 1950, on which day bankrupt transferred the title to the car to his wife, Catherine Beebe, as had been agreed upon some 16 months prior thereto.

(7) That The Ohio Merchants Trust Company of Massillon, Ohio, filed its secured claim against bankrupt on June 23, 1950, for which it had secured a judgment lien on February 3, 1950, in Stark County Common Pleas Court, Case No. 90449; had an execution issued on the undivided half interest of bankrupt's real estate; had levied upon and sold a Ford Dump truck of bankrupt; and an order was thereafter entered abandoning any interest of the trustee in the real estate.

## Conclusions of Law.

(1) That where a bankrupt was ill and was indebted to a loan company for monthly payments contracted for before he became ill, and thereupon when the loan company sought to repossess the car, the wife of bankrupt made payments on the car to save it from being repossessed on the promise of bankrupt made to his wife 16 months before the bankruptcy proceeding that he would transfer the car to her if she would see that the payments were made as contracted for by him; and when all payments were made, he did transfer the title to the car to his wife shortly before bankruptcy; it cannot be said that this was a transfer in fraud of creditors as to require that his discharge should be denied.

(2) That a transfer of an automobile by a husband to a wife within the year prior to bankruptcy is not necessarily a transfer in fraud of creditors, under Sec. 14, sub. c(4) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(4), for the law permits that a bankrupt may prefer a creditor so long as he does not make a fraudulent transfer.

(3) That if upon hearing of an objection to discharge, the objector shows that there are reasonable grounds for believing that a bankrupt has committed acts which may prevent his discharge, then the burden of proving that he has not committed such acts shall be upon the bankrupt.

(4) That if the burden of proof having shifted to the bankrupt is overcome by sufficient proof that he did not make a fraudulent transfer, but only a transfer which was a preference of a creditor, then objections to his discharge should be overruled and his discharge granted.

## Memorandum.

The Objection and Opposition to the Discharge of bankrupt filed by The Ohio Merchants Trust Company are as follows: "On the 16th day of January, 1950, within the twelve (12) months immediately preceding the filing of the petition, the bankrupt transferred a 1941 Ford automobile to his wife, Catherine Beebe, with the admitted purpose of protecting the same from the creditors of the bankrupt and thereby hinder, delay and defraud said creditors."

The relevant statute, Section 14, sub. c(4) of the Bankruptcy Act, provides as follows:

"c. The Court shall * * * discharge [the applicant] unless satisfied [he] has. * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, * * * any of his property, with intent to hinder, delay, or defraud his creditors;"

The evidence shows that on October 20, 1948, the bankrupt purchased a 1941 Ford automobile, borrowing $748.50 from Associates Discount Corporation, and to secure payment, gave chattel mortgage on the automobile.

Thereafter bankrupt broke his leg, was unable to work, and in December, 1948, his wife secured an extension of the payment then due, and when the next payment became due on January 20, 1949, she again asked an extension, at which time the finance company sent two men to bankrupt's home to repossess the automobile.

At that time, some 16 months before the adjudication, bankrupt told his wife that

if she would make payments on the Ford and save the car from being repossessed, he would transfer the title to her as soon as the mortgage was paid in full.

Thereafter by the uncontradicted testimony, it appears that she made seven payments of $49 each and they shared equally in making four of a like amount, and when the last payment was made, he transferred the automobile to his wife, as previously agreed upon.

Objections to the discharge are by the Ohio Merchants Trust Company, which secured a lien against bankrupt in the Common Pleas Court of Stark County, in case No. 90449, on February 3, 1950; thereafter, bankrupt's interest in said real estate was abandoned by the trustee. Also, The Ohio Merchants Trust Company levied upon and sold a 1949 Ford Dump truck of bankrupt in February of 1950.

Counsel for objector urges that the transfer to the wife was a gratuitous transfer, and the fact established that if the payments had not been paid by the wife to the finance company, the car would have been repossessed; also there is the further fact that she made substantial payments on the debt on her own account, so that the car would not be surrendered to the loan company.

The rule is that in order to justify the refusal of a discharge under Section 14, sub. c(4), it must be shown that the acts complained of were done with intent to defraud, hinder and delay the creditors of said bankrupt. This must be actual fraudulent intent as distinguished from constructive intent. The question of whether the bankrupt had the necessary intent is a question of fact.

Where the husband conveyed to the wife the home which was heavily mortgaged shortly before filing the bankruptcy petition, it was held that a fraudulent purpose was not established; it was there held that evidence of a positive fraud must be intended before a discharge would be refused. In re Williams, 286 F. 135; 4 Am. Bankr.Rep., N.S., 1106.

Admitting as true all the facts brought out by counsel for the objecting creditor, as has often been said, it is not so much the acts of the bankrupt that will prevent his discharge, as it is the intent with which he acts. In re Tirschler & Co., 18 F.2d 365; 8 Am.Bankr.Rep., N.S., 824. This was early pointed out In re Nelson, 179 F. 320.

The intent to prefer creditors is not a substitute for the intent to hinder, delay or defraud creditors; that is to say, the court distinguishes between these situations. Collier on Bankruptcy, Vol. 7, in Section 3219, page 455, it is stated that unless the bankrupt has committed some one or more of the acts prohibited by the Bankruptcy Act, his discharge shall be granted; and Section 14, sub. c, prescribes the acts which bar discharge. Specifically, under the same section the author states: "A mere preferential transfer by the bankrupt is insufficient to bar discharge". Cases cited.

A recent case to the same effect is In re Casey, D.C.E.D.N.Y.1944, 57 F.Supp. 805, where Judge Byers held that the bankrupt's gift of a piano to his wife and daughter at Christmas, while a tort action was pending against him, was not a transfer with fraudulent intent, and the discharge could not be denied for such transfer. Also there is the recent decision of this Referee, In re Beggs, D.C. 1950, 93 F.Supp. 863.

The rule was stated and applied in the case of In re Richter, 2 Cir., 57 F.2d 159, 20 Am.Bankr.Rep., N. S., 516, where a partner made a payment to his wife out of partnership funds within the four-month period; she testified that he had told her "that he would put it ($5,000) in the business, but any time I wanted my share of it, I could have it." Of this payment Circuit Judge Hand says, 57 F.2d at page 160:

"While the repayment to Fanny Richter on March 25, 1929, doubtless constituted an illegal preference, because made within four months prior to the date of the filing of the petition in bankruptcy, it was apparently nothing more and was not a transfer or concealment with intent to hinder, delay, and defraud creditors. Such a payment of an existing debt, even though

recoverable as a preferential transfer, is not a bar to a discharge." Cases cited.

Herewith I hand up for the consideration of your Honors, the following:

(1) Objection and Opposition to Discharge.

(2) Brief of Ohio Merchants Trust Company, objector.

(3) Brief of bankrupt.

(4) Journal entry overruling objection and granting discharge.

(5) Petition for Review.

David D. Dowd, Massillon, Ohio, for bankrupt.

William K. Yost, Massillon, Ohio, for Ohio Merchants Trust Co.

Jack Roesch, Massillon, Ohio, Trustee.

On Petition to Review.

McNAMEE, District Judge.

Upon a consideration of the Referee's Certificate of Review on Specification of Objection and Opposition to discharge of the bankrupt, I am of the opinion that the order of the Referee should be confirmed and the bankrupt granted his discharge.

I concur in the Referee's conclusions of law upon the facts found by him. Even if I were disposed to disagree with the Referee as to some of his findings of fact, the situation is such as to call for an application of the well established rule that a Referee's findings of fact are conclusive upon the court, unless there is no testimony to support them. If his findings depend upon conflicting testimony or the credibility of witnesses, or are supported by any testimony consistent therewith, they should not be disturbed. See Kessler v. Jefferson Storage Corp., 6 Cir., 125 F.2d 108; In re Newman, 6 Cir., 126 F.2d 336; Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476, 34 Am.Bankr.Rep., N.S., 280; In re Gustav Schaefer Co., 6 Cir., 103 F.2d 237, syl. 9.

An order will be entered denying the petition to review, confirming the Referee's findings and order and granting a discharge to the bankrupt.