## In re THOMPSON.

District Court, W. D. Virginia, at Roanoke.
Aug. 2, 1943.

W. Warren Dickerson, of Roanoke, Va., for objecting creditor.

Charles B. Satchwell, of Roanoke, Va., for bankrupt.

PAUL, District Judge.

Walter Raleigh Thompson, on his voluntary petition, was adjudicated a bankrupt on October 23, 1942; and on June 15, 1943, was granted a discharge by the referee to whom the case had been referred. This discharge was opposed by Personal Finance Company, a creditor, on the ground that the bankrupt was barred from a discharge by the provisions of Sect. 14, sub. c(5) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(5), and the creditor has asked review of the order granting the discharge.

The statute which the creditor invokes, Sect. 14, sub. c(5), provides for denial of a discharge if the bankrupt "has within six years prior to bankruptcy been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act".

It appears that in July, 1939, Thompson filed an original petition under Chapter XIII, 11 U.S.C.A. § 1001 et seq., for an extension of his indebtedness. In this proceeding he proposed a plan whereby all his debts should be paid in full through a series of monthly installments. The plan was accepted by the creditors and was confirmed. A trustee was appointed to receive and disburse the installments and on August 21, 1940, the trustee filed a report showing that the debtor had complied with the terms of his arrangement and that all debts had been paid in full. On receipt of this report and on the same date the referee entered an order discharging the debtor as provided by Sect. 660 of the Act.

The sole question is whether a debtor who has completed an arrangement by way of extension under which his debts were paid in full is barred from obtaining a discharge in a straight bankruptcy proceeding within six years thereafter. Or stated otherwise: Does the bar to a discharge set forth in Sect. 14, sub. c(5), apply where the previous discharge was in an extension proceeding where the then existing debts were paid in full?

I am unable to find where the question involved has been passed on directly in any decided case, but consideration of it leads me to the opinion that the referee correctly concluded that the bankrupt was not barred from a discharge in the present proceeding by virtue of the previous proceedings under Chapter XIII.

Prior to the last re-enactment of the Bankruptcy Act in 1938 (commonly called the Chandler Act), the provisions of Sect. 14, sub. b(5), barred a bankrupt from discharge if he has "been granted a discharge in bankruptcy within six years". Sect. 14, sub. c, provided that: "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge". The compositions referred to in the last quoted clause were those provided for in the then Sect. 12, 11 U.S.C.A. § 30, which, at the time of the enactment of the quoted provisions, was the only section dealing with compositions. There was then no provision for arrangements by way of extension. In 1933 Sect. 74, 11 U.S.C.A. § 202, was enacted providing for compositions and extensions, but no change was made at that time in the provisions of Sect. 14 as quoted above. Finally under the general revision of the Act in 1938 (The Chandler Act), Sect. 12, along with Sect. 74, was repealed, and supplanted by the several chapters on Arrangements.

Prior to 1938 considerable conflict of opinion had arisen as to the effect of Sect. 14, sub. c, providing that "confirmation of a composition shall discharge the bankrupt from his debts * * *." Some courts held that the discharge thus provided for was equivalent to the "discharge in bankruptcy" mentioned in Sect. 14, sub. b(5), as barring a further discharge within six years; while others held that the confirmation of a composition was not such a discharge within the meaning of Sect. 14, sub. b(5). Without attempting to cite all of the cases on the subject, it is sufficient to note In re Kornbluth, 2 Cir., 65 F.2d 400, and In re Goldberg, 6 Cir., 53 F.2d 454, 80 A.L.R. 399, as reflecting these conflicting views and showing the reasoning on which each is based.

This conflict of opinion was brought to an end by the revised language of Sect. 14, sub. c(5), of the Chandler Act, which has hereinbefore been quoted and which specifically includes the confirmation of a composition or of an arrangement or wage earner's plan by way of composition as a bar to a discharge in bankruptcy within six years thereafter.

Counsel for the creditor in the instant case points out that prior to the Chandler Act it was "a discharge in bankruptcy" which offered the bar to a second discharge within six years, whereas in the present law the reference is to a "discharge". It is argued that the omission of the words "in bankruptcy" must have been intentional and that the intention was to provide that the discharge referred to should not be confined to one following adjudication in bankruptcy but comprised a discharge granted in any proceeding under the act, including an arrangement under Chapter XIII. The argument has a measure of plausibility which is somewhat strengthened by the recognized distinction between proceedings where an adjudication in bankruptcy has been had and such proceedings as the instant one, where no such adjudication is permitted (Sect. 668). However, I think the force of this argument is denied by the history of the statute as well as by the reasons underlying application of its various provisions.

In the first place, there is no reason to believe that Congress intended the "discharge" referred to in the present Sect. 14, sub. c(5), to be anything different from the "discharge in bankruptcy" referred to in the former Sect. 14, sub. b(5), or that the words "in bankruptcy" were omitted for any reason other than as surplusage. It is to be remembered that bar to a second discharge in bankruptcy within six years had a definite and desirable purpose. It was to prevent the creation of a class of habitual bankrupts, to prevent debtors from going through bankruptcy and escaping payment of their debts whenever and as frequently as they chose. The provision was inserted in the law in 1903, when a proceeding solely for extension was unknown and when bankruptcy resulted, and was expected to result, in practically every case with the release of the debtor after satisfaction of a small percentage of his indebtedness. The reasons why a debtor should not be allowed to accomplish this result as frequently as he chooses have no application to the situation where the debtor offers to and does pay his debts in full.

Similarly, compositions, both under old Sect. 12 and under the present law, contemplate the release of the debtor from his

indebtedness upon payment, through agreement with his creditors, of something less than its full amount. And the reasons which make it undesirable and inequitable that a debtor should obtain with unlimited frequency release of his indebtedness through bankruptcy apply also to releases through compositions. In both cases he escapes without paying his debts in full.

In the language of Sect. 14, sub. c(5), of the present act Congress evidently intended to cover previous proceedings wherein the debtor was released by payment of his debts only in part. If it had intended to cover any prior proceeding, no matter of what nature, it would no doubt have said so. The amendment referring to compositions was made to resolve the conflicting opinions interpreting the old act. And if Congress had intended that the bar should arise from a prior extension agreement it could easily have made the amendment to include such extensions. The strongest argument against the creditor's contention is the very simple one that the statute refers to *compositions* or arrangements by way of *composition* but omits any reference to *extensions*.

■ Some confusion has arisen, perhaps in failing to distinguish between compositions and extensions and to the loose application of the term "composition" to any proceeding of the sort now termed by the act as "Arrangements". Certain textwriters have contributed to this by the use of such expressions as "a composition by way of extension" and similar phrases. But it is evident that the statute intended a distinction between the terms "composition" and "extension"; and that the difference is between a proceeding wherein a debtor settles his indebtedness in an agreed amount less than the amount owed and a proceeding wherein he merely obtains an extension of time within which to pay in full. This distinction is emphasized through the act by the constant references in the disjunctive to compositions *or* extensions. In Section 623, for example, it is provided that the petitioner shall state that he desires to "effect a composition or an extension, or both * * *." The words "or both" serve to emphasize the existence of two different remedies. This same disjunctive use of the terms is evident under Section 75, 11 U.S.C.A. § 203, and a number of cases arising under that section have pointed out the difference between a composition and an extension.

When old Section 74 was first enacted, giving our first experience with extensions, the authorities were prompt to note a distinction between compositions and extensions. Gilbert's Collier on Bankruptcy, 4th Ed., in discussing Sect. 74, notes that the statute does not define the terms but suggests that "a composition as used in the act is any proposal for the reduction of the debt in return for a present consideration * * * whereas an extension will be any proposal for postponement of payment without affecting principal".

■ It would appear that Congress had this distinction in mind in its enactment of Sect. 14, sub. c(5), and that it did not intend that a bar to discharge should be created where the previous proceeding had been solely by way of extension.

While I find no cases in which this specific question has been passed on, it appears that the views herein set out are supported by the opinions of various writers commenting on the revisions made by the Chandler Act. The Referee cites in this connection Moore's Bankruptcy Manual (1939) pp. 779, 780 (which the court does not have available). To the same effect is the analysis in Collier-Bender pamphlet edition of the Chandler Act (1938) p. 52. There is not available to the court the reports of the Congressional committee which considered the Chandler Act, but the opinion of the Referee contains the following excerpt from the report to the House of Representatives referring to Sect. 14, which I assume is correctly quoted: "The former clause (5) was changed to include compositions, and is intended to resolve the conflict between the cases. Inasmuch as the confirmation of the composition operates as a discharge, there is no reason why it should not be so treated. It may be thought that this provision should be expanded to constitute the confirmation of an extension or plan or reorganization on objection to a subsequent discharge; but in the case of an extension it is contemplated that debts shall be paid in full, and in the case of a corporate reorganization, it is not believed that public policy requires a similar provision."

The implication of the above is clearly to the effect that it was the purpose of Congress not to include in the bar provided by Sect. 14, sub. c(5), proceedings solely by way of extension.

The order of the Referee granting the discharge will be affirmed.