## WOOD v. SCOTT.

### No. 10971.

United States Court of Appeals Sixth Circuit.

Feb. 17, 1950.

Chas. S. Coffey, Jr., Chattanooga, Tenn., Coffey, Durand & Coffey, Chattanooga, Tenn., on brief, for appellant.

Ellis K. Meacham, Chattanooga, Tenn., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant (hereinafter called the debtor) on February 5, 1948, filed a petition for an arrangement under § 322 of the Bankruptcy Act, 11 U.S.C., § 722, 11 U.S.C.A. § 722. The arrangement proposed contemplated continuance by the receiver of the debtor's business known as "Card and Gift Shop," sale of the merchandise for pay-

ment of claims pursuant to court order and return to the debtor of the business, together with the remaining stock and all other assets after all allowed unsecured debts had been paid. The proposed arrangement also stated: "The debtor expects in March 1949 to receive in his new position a bonus based upon net profits made in the store wherein he is employed, and undertakes to pay the Receiver for distribution to unsecured creditors the amount received by way of such bonus up to $2,000.00."

The arrangement was confirmed on May 5, 1948, and the business was carried on by the receiver. In October, 1948, the margin of profit was so small as to render continued operation undesirable, and the receiver on November 12, 1948, filed a petition, approved by the debtor, praying that the debtor be adjudicated bankrupt. The court entered the order of adjudication, also ordering that the arrangement be "declared to be abandoned, void and of no effect."

On December 2, 1948, the referee ordered the debtor's employer, General Appliance Corporation, to pay the trustee "any wages, or commissions due November 12, 1948, or bonuses accrued for services rendered prior to November 12, 1948." A petition by debtor to vacate the order was disallowed upon the ground that the provisions of the proposed arrangement plan providing that payment out of bonus due up to $2,000 would be made by debtor was "one of the basic reasons for the acceptance of the plan." The order was modified, however, to require the payment by the employer of "any wages, commissions, or bonuses accrued for services rendered prior to November 12, 1948 up to $2,000.-00."

A petition to review was filed, praying that the orders in question be vacated. The District Court modified the order to eliminate the requirement of payment of wages and commissions, but in other respects affirmed the holding of the referee.

■ We think this conclusion was erroneous. The arrangement proposed and confirmed was carried out by all parties, including the debtor, until the receiver filed a petition praying for adjudication of bankruptcy. The debtor did not initiate the bankruptcy proceedings, nor in any way endeavor to avoid the arrangement contract. The contract contained provisions for the benefit of the debtor as well as of his creditors, and, although it was set aside by the court, it is now held to be enforceable as to the debtor alone. But the obligation of the debtor to make payments under the arrangement continued only during its existence and terminated upon discontinuance of the arrangement proceedings under § 377 of the Bankruptcy Act, 11 U.S.C. § 777(2), 11 U.S.C.A. § 777(2). In re Setzler, D.C., 73 F.Supp. 314, 316.

■■ The order appealed from includes in the bankrupt estate an asset which both on February 5, 1948, the date of filing the arrangement petition, and November 12, 1948, the date of the adjudication in bankruptcy, was wholly contingent. While the record is meager as to the nature of the bonus and of the employment contract out of which it grows, it clearly appears that it did not fall due until March, 1949. It is conceded that it was to be based upon the net profits of the employer and a continuance of the debtor in the employment. It was to be credited at, but not before the end of the calendar year.

The bonus proposal constituted an offer for assignment of future earnings. The order of the court that this feature of the arrangement should be carried out after bankruptcy raises serious questions. Title to the bonus had not vested in the bankrupt either on February 5, 1948, or on November 12, 1948. It was no part of the bankrupt estate. An arrangement binding a debtor's future earnings is unenforceable. McKeever v. Local Finance Co., 5 Cir., 80 F.2d 449. Cf. Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 77 A.L.R. 956. Under § 70 of the Bankruptcy Act, 11 U.S.C., § 110, 11 U.S.C.A. § 110, the trustee takes title to assets belonging to the bankrupt as of the date of filing the petition in bankruptcy or of the original petition proposing an arrangement or plan. The order appealed from required the employer to respond as of November 12, 1948,

the date of the adjudication of bankruptcy, rather than on February 5, 1948, the date of the original petition for the arrangement. This was unauthorized under § 378 (2) of the Bankruptcy Act, 11 U.S.C., § 778(2), 11 U.S.C.A. § 778(2).

The order of the District Court is reversed and the case is remanded for further proceedings in accordance with this opinion.