In the Matter of Isadore VERLIN, Murray Verlin and Samuel Malkin, individually and as co-partners, doing business as Verlin & Sons and as White City Packing Company, Bankrupt.

No. 52678.

United States District Court
E. D. New York.

Feb. 18, 1957.

Genzer, Sachs, Marcus & Riess, New York City, for bankrupts.

Finkel & Nadler, New York City for Objecting Creditor.

RAYFIEL, District Judge.

This is a petition to review an order of Hon. Sherman D. Warner, Referee in Bankruptcy, dismissing the specifications filed by a creditor and granting discharges to the bankrupts.

The facts, as stipulated before the Referee, are as follows:

On September 1, 1953 the bankrupts' firm filed a petition for arrangement pursuant to Chapter XI, Section 322 of the Bankruptcy Act, 11 U.S.C.A. § 722. The said matter was duly referred to Hon. Samuel C. Duberstein, a Referee in Bankruptcy, who, after granting leave therefor, permitted the bankrupts to propose a second amended plan of arrangement. The said plan provided (1) for the payment of all priority claims in full, or in accordance with stipulations entered into between the bankrupts and said priority creditors, (2) for the payment to unsecured creditors of 100% of their claims in the following manner:

(a) 5% on January 15, 1954

(b) 24% in 12 payments of 2% each, payable quarter-annually thereafter, commencing April 14, 1954;

(c) 71% in 17 payments of 4% each, quarter-annually thereafter, commencing April 15, 1957, and one payment of 3%, payable on October 15, 1962.

The said plan provided (1) for the execution by the bankrupts of promissory notes to evidence the aforesaid indebtedness; (2) for the deposit of certain security, and (3) for the payment, in cash, of all administration expenses on the confirmation of the plan.

The said second amended plan was confirmed by the requisite creditors in number and amount, and an order confirming the same was signed by Hon. Samuel C. Duberstein on January 25, 1954. In conformity therewith, each creditor who had filed a proof of claim which had been allowed, received a promissory note, signed by the bankrupts, providing for the payment of his claim in full in the manner prescribed by the plan.

The creditors received payment of the installment of 5%, which was due on January 15, 1954, and four installments, each of 2%, which were due on April 15, 1954, July 15, 1954, October 15, 1954 and January 15, 1955, or a total of 13%. On October 7, 1955 an involuntary petition in bankruptcy was filed against the bankrupts. They duly consented to adjudication, and the matter was referred to Hon. Sherman D. Warner, Referee in Bankruptcy.

The first meeting of creditors was held and closed, and April 30, 1956 was designated as the last day on which creditors could serve and file specifications in opposition to the discharge of the bankrupts. On April 28, 1956 one Samuel Fishman, a creditor of the bankrupt, duly filed specifications of objection to bankrupts' discharge, to which the bankrupts have served and filed their answer.

The specifications of objections are as follows:

"1. Within six years prior to the bankruptcy herein, to wit, on September 1, 1953, the bankrupts filed a petition for an arrangement under Chapter XI, Section 322, of the Bankruptcy Act, in the United States District Court, Eastern District of New York, and on January 25, 1954, said arrangement was confirmed by the Court; that the bankrupts failed to carry out the terms of said arrangement and defaulted in the terms of said arrangement.

Thereafter, and on October 7, 1955, an involuntary petition in bankruptcy was filed against the bankrupts in the United States District Court, Eastern District of New York, and on the same date the bankrupts consented to an order of adjudication.

2. Upon information and belief, within six years prior to the bankruptcy herein, to wit, on January 25, 1954, the bankrupts had an arrangement by way of composition confirmed under the Act of Congress relating to bankruptcy in a proceeding in the United States District Court for the Eastern District of New York."

It is the objecting creditor's contention that the confirmation of the aforesaid plan of arrangement on January 25, 1954 was an arrangement by way of composition which took place within the period of six years next preceding the present bankruptcy, and thus the bankrupts may not be discharged herein.

The applicable section of the Bankruptcy Act is § 14, sub. c(5), Title 11 U.S.C.A. § 32, sub. c(5), which provides that the court shall grant the discharge unless it is satisfied that the bankrupt "in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, *or had a composition or an arrangement by way of composition* or a wage earner's plan by way of composition *confirmed under this title.*" (Emphasis added.)

Referee Warner held that the plan which was confirmed was not an arrangement by way of *composition* which

would have barred the bankrupts from obtaining a discharge for six years thereafter, but was an *extension* of time granted to them to pay their debts in full. He traced the origin of Section 14, sub. c(5) of the Bankruptcy Act historically, and concluded that it was not applicable to an arrangement by way of *extension.*

I believe that Referee Warner's decision is amply supported by the authorities cited in his opinion. The plan confirmed in the Chapter XI proceeding herein provided for the payment of all the creditors in *full* over a period of time set forth therein. This was not a *composition* wherein creditors agreed to take a lesser amount in full settlement of their claims. I agree with the reasoning expressed in In re Thompson, D.C., 51 F.Supp. 12 and McKeever v. Local Finance Co., 5 Cir., 80 F.2d 449, cited by the Referee, in which situations analogous to the case at bar prevailed.

In the Thompson case, supra, 51 F. Supp. at page 13, the court, in commenting on the distinction between extensions and composition, said: "In the first place, there is no reason to believe that congress intended the 'discharge' referred to in the present Sect. 14, sub. c(5), to be anything different from the 'discharge in bankruptcy' referred to in the former Sect. 14, sub. b(5) or that the words 'in bankruptcy' were omitted for any reason other than as surplusage. It is to be remembered that bar to a second discharge in bankruptcy within six years had a definite and desirable purpose. It was to prevent the creation of a class of habitual bankrupts, to prevent debtors from going through bankruptcy and escaping payment of their debts whenever and as frequently as they chose. The provision was inserted in the law in 1903, when a proceeding solely for extension was unknown and when bankruptcy resulted, and was expected to result, in practically every case with the release of the debtor after satisfaction of a small percentage of his indebtedness.

The reasons why a debtor should not be allowed to accomplish this result as frequently as he chooses have no application to the situation where the debtor offers to and does pay his debts in full.

"Similarly, compositions, both under old Sect. 12 and under the present law, contemplate the release of the debtor from his indebtedness upon payment, through agreement with his creditors, of something less than its full amount. And the reasons which make it undesirable and inequitable that a debtor should obtain with unlimited frequency release of his indebtedness through bankruptcy apply also to releases through compositions. In both cases he escapes without paying his debts in full.

"In the language of Sect. 14, sub. c(5), of the present act Congress evidently intended to cover previous proceedings wherein the debtor was released by payment of his debts only in part. If it had intended to cover any prior proceeding, no matter of what nature, it would no doubt have said so. The amendment referring to compositions was made to resolve the conflicting opinions interpreting the old act. And if Congress had intended that the bar should arise from a prior extension agreement it could easily have made the amendment to include such extensions. The strongest argument against the creditor's contention is the very simple one that the statute refers to compositions or arrangements by way of *composition* but omits any reference to *extensions.*"

I disagree with the objecting creditor's contention that the case of In re Jensen, 7 Cir., 200 F.2d 58 is dispositive of the issues herein. The gravamen of that case was that the debtor could not pledge his future earnings under a plan of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

Accordingly, the order of Referee Warner is affirmed.

Settle order on notice.