**In the Matter of Harry Frederick MAHALEY, Jr., Debtor.**

**No. 104456.**

United States District Court
S. D. California,
Central Division.

Sept. 21, 1960.

**230**

Irving Sulmeyer, Los Angeles, Cal., for debtor.

Irving I. Emmer, Los Angeles, Cal., for petitioner on review.

Irving I. Bass, Beverly Hills, Cal., and Lois V. White, Los Angeles, amicus curiae, for petitioner on review.

THURMOND CLARKE, District Judge.

This matter is before the court on a petition for review of the referee's order confirming a wage earner's plan under Chapter XIII of the Bankruptcy Act (11 U.S.C.A. §§ 1001 et seq.).

The facts are simple and are not disputed. The debtor, Harry Frederick Ma-

haley, Jr., filed a voluntary petition in bankruptcy on July 23, 1954, and was granted a discharge in said bankruptcy proceeding on December 2, 1954. On November 30, 1959, the debtor filed a petition in the instant matter for relief under Chapter XIII of the Bankruptcy Act. On April 8, 1960, the debtor filed his wage earner's plan, which is one solely for an extension of his obligations and does not seek a discharge upon partial payment. Petitioner, an unsecured creditor, filed timely objections to the confirmation of the proposed wage earner plan on the ground that the discharge in bankruptcy received by the debtor within six years of the extension proceedings constituted a bar to relief under Chapter XIII. The referee overruled the objections and confirmed the plan, finding that it was in the best interests of the creditors and that the debtor was in no way barred from relief. This petition for review followed.

■ The sole question presented is one of law, to wit, whether a discharge in bankruptcy received within six years prior to a proceeding for relief under Chapter XIII of the Bankruptcy Act, constitutes a bar to the confirmation of a wage earner plan, solely for extension, feasible in all respects, and in the best interests of the creditors. It is the opinion of this court that it does not.

The relevant statutory provisions are as follows:

> *Bankruptcy Act, Chapter XIII, § 656.*
>
> "(a) The court shall confirm a plan if satisfied that—* * * (3) the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of the bankrupt * * * ." 11 U.S.C.A. § 1056.

> *Bankruptcy Act, § 14, sub. c.*
> "The Court shall grant the discharge [in bankruptcy] unless satisfied that the bankrupt has * * * (5) in a proceeding under this Act commenced within six years prior to the date of the filing of the petition

in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act * * *." 11 U.S.C. § 32, sub. c.

*Bankruptcy Act, Chapter XIII, § 602.*

"The provisions of chapters 1 to 7, inclusive, of this Act shall, *insofar as they are not inconsistent or in conflict with the provisions of this chapter*, apply in proceedings under this chapter * * *." 11 U.S.C.A. § 1002. (Emphasis supplied.)

The major issue of statutory construction is to determine whether or not § 14, sub. c(5) of the Bankruptcy Act, providing that a discharge or composition shall bar a subsequent bankruptcy discharge within six years, is to be read into § 656, sub. a(3) of Chapter XIII, in such a manner as to preclude confirmation of a wage earner plan, for an extension only, filed within six years of a discharge in ordinary bankruptcy.

The question presented is one of first impression and one upon which there has been no published ruling by any of the courts in the federal system. Within our own district, there is a conflict among the referees in bankruptcy as to the resolution of this issue, a majority of the referees holding that a prior bankruptcy discharge does not bar Chapter XIII relief in circumstances such as those presented in the instant case. See, e. g., Re Elizabeth Hopkins Brown, No. 75,-922–TC, Bankruptcy, Memorandum Opinion of Referee Ronald Walker, January 8, 1958; Re Harry Frederick Mahaley, Jr., No. 104,456–TC, Bankruptcy, Opinion of Referee Ray H. Kinnison, April 22, 1960. Contra: Re Everett Moore, No. 105,923–WB, Bankruptcy, Memorandum Opinion of Referee Joseph J. Rifkind, February 29, 1960.

After examining the relevant statutory provisions and such case law as bears on this or related subjects, the court has come to the conclusion that the purposes underlying section 14, sub. c(5) of the Bankruptcy Act are so inconsistent with the purposes underlying relief by extension under Chapter XIII that said section is inapplicable in the instant proceedings. Bankruptcy Act, Chapter XIII, § 602, supra. As was stated in In re Thompson, D.C.W.D.Va.1943, 51 F.Supp. 12, 13: "It is to be remembered that bar to a second discharge in bankruptcy within six years had a definite and desirable purpose. It was to prevent the creation of a class of habitual bankrupts, to prevent debtors from going through bankruptcy and escaping payment of their debts whenever and as frequently as they chose. * * * The reasons why a debtor should not be allowed to accomplish this result as frequently as he chooses have no application to the situation where the debtor offers to * * * pay his debts in full." See, also, In re Jensen, dissenting opinion, 7 Cir., 1952, 200 F.2d 58, 62. In contrast, the purpose of an extension under Chapter XIII is to secure for the debtor temporary freedom from attachment, garnishment and other harassment so that he may ultimately repay his obligations in full and become an active and productive member of society. In such proceedings, the debtor must present a plan, to be approved by a majority in number and amount of his creditors and by the court, under which he makes periodic payments from his wages to a court trustee who acts as a disbursing agent in the payment of his creditors.

The Thompson case, supra, involved a situation just the reverse of the present one. Therein, the debtor had first sought relief by way of extension under Chapter XIII and later, within six years, filed a petition in ordinary bankruptcy. The court's reasoning that the first proceeding should not bar the subsequent one is equally applicable in the case at bar. The debtor in Thompson had fully satisfied his creditors under the extension plan before filing his bankruptcy petition and hence could not receive a "discharge" twice within six years. The

same result may be achieved in the instant matter, for while section 661 of Chapter XIII (11 U.S.C.A. § 1061) provides that after three years a debtor may be released from all indebtedness under an extension plan if his failure to keep up the payments has been due to circumstances beyond his control, relief under section 661 might, upon timely objection, be denied to any debtor who had received a discharge in bankruptcy within a six-year period.

Nothing in the court's holding is undermined by the decisions in In re Greenman, D.C.Me.1935, 10 F.Supp. 452, and In re Jensen, 7 Cir., 1952, 200 F.2d 58, certiorari denied sub nom Jensen v. Peoples Finance Co., 1953, 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357, or by text writers interpreting these opinions (see, e. g., 8 Collier on Bankruptcy (14th ed.) 1195 et seq., Par. 9.19). Both of these cases dealt with situations in which a debtor had received a discharge in bankruptcy and, within six years, sought relief by way of composition under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. §§ 701 et seq. The rationale underlying the holding in each instance was that since a composition contemplates a partial release from a debtor's obligations, confirming a plan for composition within six years of a discharge in ordinary bankruptcy would be tantamount to allowing two "discharges" within six years. Such a rationale is totally inapplicable in a case where, as here, the debtor is to receive no release until he has satisfied his creditors in full. "[I]t is evident that the [Bankruptcy Act] intended a distinction between the terms 'composition' and 'extension'; and that the difference is between a proceeding wherein a debtor settles his indebtedness in an agreed amount less than the amount owed and a proceeding wherein he merely obtains an extension of time within which to pay in full." In re Thompson, supra, D.C.W.D.Va. 1943, 51 F.Supp. 12, 14. The case of In re Goldberg, 6 Cir., 1931, 53 F.2d 454, 80 A.L.R. 399, holding that a prior discharge in bankruptcy does not bar con-

firmation of a composition within six years, while contrary to the probable weight of authority under Chapter XI, reaches a result which, in the case of a Chapter XIII extension, appears to this court to be the proper one.

The referee's order confirming the wage earner plan in the instant case is confirmed.