**In the Matter of J. O. BINGHAM, Debtor.**
No. 4494–B–2.

United States District Court
D. Kansas.
Dec. 21, 1960.

---

Donald B. Clark, Anderson & Clark, Wichita, Kan., for bankrupt or debtor.

Robert L. Howard, Foulston, Siefkin, Schoeppel, Bartlett & Powers, Wichita, Kan., for Yingling Chevrolet Co., an objecting creditor of J. O. Bingham.

HILL, Chief Judge.

This matter is before the Court on a petition for review of the Referee's order sustaining a motion of a creditor to dismiss the proceedings.

The facts are simple and not in dispute. The debtor herein previously filed a wage earner proceeding in this Court on June 28, 1955, (Case No. 1024–B–2) and a final decree of discharge was rendered therein on November 27, 1956. The instant proceedings were commenced by filing of the debtor's petition on June 14, 1960. The Yingling Chevrolet Company, having been listed as a creditor, has moved to dismiss the proceedings for want of jurisdiction by reason of the prior discharge within six years of the instant action.

No opinion, findings of fact or conclusions of law were requested or made by the Referee. The petition for review was filed thereafter in due time.

The relevant statutory provisions, as cited by both debtor and creditor, are as follows:

Bankruptcy Act, Chapter XIII, § 656 (11 U.S.C.A. § 1056)

"(a) The court shall confirm a plan if satisfied that * * * (3) the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of the bankrupt."

Bankruptcy Act, Section 14, sub. c (11 U.S.C.A. § 32)

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (5) in a proceeding under this Act commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act; * * *"

The question to be determined is whether a debtor is barred from procuring confirmation of a wage earner plan within six years of a prior confirmation.

Both sides have cited cases to support their respective views. Apparently there is some conflict of authority and the problem is not completely settled.

Many of the cases quoted by the parties have no application to the fact situation here. In re Greenman, D.C., 10 F. Supp. 452, and In re Jensen, 7 Cir., 200 F.2d 58. Both of these cases sought relief by way of composition under Chapter XI within six years of a prior discharge in bankruptcy. In re Thompson, D.C., 51 F.Supp. 12 and In re Goldberg, 6 Cir., 53 F.2d 454, 80 A.L.R. 399, is contrary to the probable weight of authority under Chapter XI and does not seem to me to be any more proper in the case of Chapter XIII.

The principal argument of the debtor is that a Chapter XIII proceedings does not operate as a discharge within the meaning of the Act. Further, that there are strong policy considerations. The extension agreement, being outside bankruptcy, in effect a contract where the debtor agrees to pay his debts in full, should be allowed at any time. It is urged that the reason for the six year rule, being to prevent a class of habitual bankrupts escaping payment of their debts as frequently as they choose, has no application where the debt is to be paid in full.

I agree with the creditor in this case. The temptation to become a habitual user of the wage earner plan is equally great. Interest no longer accrues on the principal, and if one is a secured creditor and is unable to reclaim his security, he must sit and wait while the security depreciates. I do not believe there is any need to create a class of wage earner users, going through life interest free, converting credit risks desirable for one year to extensions of credit over three or four years, with resultant loss.

The order of the Referee be, and it hereby is sustained in all respects.