820

In the Matter of James W. AUTRY, Debtor.

No. 5720–B–2.

United States District Court
D. Kansas.

May 8, 1962.

Donald B. Clark, Wichita, Kan., for debtor.

William Porter, Wichita, Kan., trustee.

B. G. Tudor, Wichita, Kan., for creditor, Public Finance.

ARTHUR J. STANLEY, Jr., Chief Judge.

This is a petition for review of an order by the referee in bankruptcy dismissing a proceeding for a wage earner plan under Chapter XIII of the Bankruptcy Act (11 U.S.C.A. §§ 1001–1086). The debtor has had a wage earner plan confirmed less than six years prior to filing the present proceeding. That plan called for an extension of time within which his debts would be paid in full. The question certified for review is whether the confirmation of the plan in the first proceeding bars the second proceeding.

The relevant sections of the Bankruptcy Act are as follows:

"Sec. 656. (a) [11 U.S:C.A. § 1056(a)] The court shall confirm a plan if satisfied that—* * * (3) the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of the bankrupt * * *"

"Sec. 14 c. [11 U.S.C.A. § 32, sub. c] The court shall grant the discharge unless satisfied that the bankrupt has * * * (5) in a proceeding under this Act commenced within six years prior to the date of the filing of the petition in bankruptcy had * * * a wage earner's plan *by way of composition* confirmed under this Act * * *." [emphasis added].

"Sec. 602. [11 U.S.C.A. § 1002] The provisions of Chapters I to VII, inclusive, of this Act shall, insofar as they are not inconsistent or in conflict with provisions of this chapter, apply in procedings under this chapter * * *."

■ Interpretation of a statute should begin with a look at its literal language. If the meaning is expressed clearly and does not require an absurd, contradic-

tory, or unjust result, a literal interpretation should prevail. 2 Sutherland, Statutory Construction § 4917 (3d ed. 1943). Section 14, sub. c(5) clearly says that no discharge shall be granted if a wage earner's plan *by way of composition* has been confirmed within six years. Composition, unlike extension, is a "discharge" within the meaning of the Bankruptcy Act. Cf. In re Kornbluth, 65 F.2d 400 (2d Cir. 1933).

Is there any absurdity, contradiction, or injustice in holding that confirmation of a prior wage earner plan by way of composition bars a second confirmation? Or that confirmation of a prior wage earner plan by way of extension only, does not bar a second confirmation? Applying the maxim, *expressio unius est exclusio alterius*, the answer to each question must be in the negative because the purpose of the barring provisions is to prevent recourse to the benefits of the Bankruptcy Act within a period of six years after a discharge, and not to prevent such recourse where there has been no release from indebtedness. Cf. In re Verlin & Sons, 148 F.Supp. 660 (E.D. N.Y.1957, aff'd, Fishman v. Verlin, 255 F.2d 682 (2d Cir. 1958).

The referee's order does not cite the authority for his decision, but I am certain that he relied upon this court's holding in In re Bingham, 190 F.Supp. 219 (D.Kan.1960). In the opinion in that case, it was said that:

> "The question to be determined is whether a debtor is barred from procuring confirmation of a wage earner plan within six years of a prior confirmation,"

without indication as to whether the plan was one for extension, composition, or both. In order to reconcile the Bingham case, which held the second confirmation barred, with the interpretation of § 14, sub. c (5) set out above, it must be assumed that the prior confirmation in Bingham was by way of composition.

I hold that the prior confirmation by way of extension does not bar

confirmation of the present wage earner plan. The order of the referee dismissing the proceeding will be reversed.

Counsel will submit an appropriate order.