In the Matter of Donald E. HOLMES,
Debtor, Appellant,
In Proceedings for a Wage Earner Plan
Under Chapter XIII.

No. 6985.

United States Court of Appeals
Tenth Circuit.

Oct. 9, 1962.

Francis L. Smith and Claude Rice, Kansas City, Kan., for appellant.

No appearance for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an order of the District Court affirming an order of the Referee in Bankruptcy, dismissing a Chapter XIII proceedings, in which the appellant-debtor sought confirmation of a wage earner plan (i. e. §§ 623 and 646) for an extension of time to pay his debts in full. The order of dismissal is based on the notion that the debtor, having availed himself of a like plan within six years next preceding the filing of this plan, is barred by Section 14, sub. c(5) of Chapter III, which, as applied by the District Court to a Chapter XIII proceedings, would operate to bar a discharge where the debtor within six years prior to the filing of a petition has been granted "a discharge, or had a composition or an arrangement by way of composition or wage earner's plan by way of composition confirmed under this Act."

This construction of the statute follows In re Bingham, D.C., 190 F.Supp. 219, in which the same court, under similar facts, reasoned that the broad purposes of Section 14, sub. c(5) to exclude habitual bankrupts were applicable to those seeking an extension of time to pay their debts in full. We do not believe that Section 14, sub. c(5) was intended or should be so construed. It is decisively significant, we think, that the bar of Section 14, sub. c(5) is made expressly applicable to discharges in straight bankruptcy or compositions or wage earner plan by way of composition, but is noticeably silent with respect to extensions of time in which to pay debts in full. Indeed, "compositions" and "extensions" are recognized in the statute as separate forms of relief, see § 623, Chap. XIII; and in the legislative history, see H.R. 1409, p. 29, 75th Cong., 1st Sess., cited in Fishman v. Verlin, 2 Cir., 255 F.2d 682, affirming In re Verlin, D.C., 148 F.Supp. 660, in which the history of the Act is reviewed in detail. See also

In re Thompson, D.C., 51 F.Supp. 12; In re Mahaley, D.C., 187 F.Supp. 229; and Judge Lindley's dissent in In re Jensen, 7 Cir., 200 F.2d 58, 61. Under a wage earner extension plan "The debtor seeks to pay debts—not to discharge them. In that effort he should be encouraged. Such encouragement is in accord with the declared Congressional intent of Chapter XIII." See In the Matter of Olen v. Sharp, Debtor (W.D.Mo.), 205 F.Supp. 786. And see also In re Autry, Debtor, D.C., 204 F.Supp. 820.

We conclude that the plan asserted here does not come within the letter or the spirit of the bar in Section 14, sub. c(5). The judgment is reversed.