In the Matter of Helen Christine NICH-OLSON, Debtor.

No. B-63-2311.

United States District Court
D. Oregon.

Oct. 25, 1963.

---

Sidney I. Lezak, Acting U. S. Atty., and Jack G. Collins, Asst. U. S. Atty., Portland, Or., for the United States.

Russell M. Dickson, Portland, Or., for bankrupt.

KILKENNY, District Judge.

The petitioner, a wage earner within the meaning of 11 U.S.C. § 1006(8), filed a plan for extension under the provisions of Chapter XIII of the Bankruptcy Act, as amended, 11 U.S.C. §§ 1001–1086. The plan provided for the payment, in full, of petitioner's creditors within three years. The statement of her affairs, accompanying the petition, disclosed that she had been granted a discharge in bankruptcy on July 14, 1960. At the first meeting of creditors the Referee found that the proposed plan of the petitioner was feasible, and that it had been accepted by the two secured creditors affected by the plan and by those unsecured creditors who had filed claims. Later petitioner made an application for a confirmation of the plan. Subsequently, the Referee entered an order denying confirmation and dismissing the proceedings on the ground that petitioner had been granted a discharge in bankruptcy within six years next preceding the filing of the pending petition.

The cause is before this Court on a petition for review of such order and squarely presents the issue of whether such discharge is a bar to the confirmation of a plan for an extension under said Chapter, where the proposed plan has been accepted by the creditors and meets all the requirements of such a proceeding.

The statutes under consideration, in relevant part, are set forth in the margin.[1]

Petitioner relies on In re Holmes, 309 F.2d 748 (10 Cir. 1962); Edins v. Helzberg's Diamond Shops, Inc., 315 F.2d 223 (10 Cir. 1963), and cases of similar import. I have grave doubts as to the applicability of the decision in Holmes to the facts presented by this record. The issue there presented was whether a wage earner, having availed himself of a plan for extension within six years next preceding the filing of another like plan, is barred by 11 U.S.C. § 32, sub. c(5). The Court there points to the significant truth that the provi-

1. (Bankruptcy Act of June 22, 1938, 52 Stat. 840).

Sec. 602. "The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter * * *." 11 U.S.C. § 1002.

* * * * *

Sec. 656. "(a) The court shall confirm a plan if satisfied that * * * (4) the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of the bankrupt * * *." 11 U.S.C. § 1056.

* * * * *

Sec. 14, sub. c. "The court shall grant the discharge unless satisfied that the bankrupt has * * * (5) in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title * * *." 11 U.S.C. § 32, sub. c(5).

* * * * *

(7). " 'Plan' shall mean a plan for a composition or extension, or both, proposed in a proceeding under this chapter * * *." 11 U.S.C. § 1006(7).

* * * * *

DISCHARGE OF DEBTOR AT EXPIRATION OF THREE YEARS

"If at the expiration of three years after the confirmation of a plan the debtor has not completed his payments thereunder, the court may nevertheless, upon the application of the debtor and after hearing upon notice, if satisfied that the failure of the debtor to complete his payments was due to circumstances for which he could not be justly held accountable, enter an order discharging the debtor from all his debts and liabilities provided for by the plan, and all debts denied participation in the plan by section 1043 of this title, but excluding debts which are not dischargeable under section 35 of this title held by creditors who have not accepted the plan." 11 U.S.C. § 1061.

sions of this section are made expressly applicable to *discharges in bankruptcy, compositions and wage earner plans by way of composition* and that the section is "noticeably silent" with respect to a plan for an extension of time in which to pay debts in full. The author of the opinion quite properly emphasizes the distinction made in this statute between "compositions" and "extensions". The case is sound authority for the proposition that a successful proceeding for an extension by a wage earner under this Chapter creates no impediment to a like proceeding within the six year period.

The per curiam opinion in Edins, reached within six months after the opinion in Holmes by an entirely different three man court, cites the latter as authority for the proposition that the same rule of law is applicable where the wage earner has received a *discharge in bankruptcy* within the six year period. The well considered opinion of Judge Murrah in Holmes, casts great doubt on the soundness of the decision in Edins. If the logic of the former is sound and, in my opinion it is, the decision in the latter is without legal foundation. The strength of the one i. e. the lack of discharge in bankruptcy within the six year period, is entirely wanting in the other.

Cited in support of the opinion in Holmes are a number of district court cases which, in general, argue that a petition for an extension is filed for the purpose of paying debts, as distinguished from discharging the indebtedness under ordinary bankruptcy or composition proceedings. In some of these cases the petitioner secured a discharge in bankruptcy within the six year period.

It is to be regretted that the authors of the opinions in those cases did not analyze and construe, *in pari materia,* the specific provisions and directions of 11 U.S.C. § 32, 11 U.S.C. § 1002, 11 U.S.C. § 1056, 11 U.S.C. § 1006(7) and 11 U.S.C. § 1061. If the other statutes were analyzed and construed in the light of § 1006(7) and § 1061 that fact does not appear in the opinions.

The *plan* under which the debtor may be discharged from all of his debts and liabilities encompasses not only a plan for a composition, but also a plan *for an extension,* such as here presented. 11 U.S.C. § 1006(7). That result destroys the logic of the reasoning in some of the cases, such as In re Mahaley, D.C., 187 F.Supp. 229. The discussion of § 1056 in Mahaley is limited to a broad statement that upon timely objection by creditors a discharge might be denied to a debtor who had received a discharge in bankruptcy within the six year period. Entirely overlooked is the statutory direction that the plan may not be confirmed if the bankrupt has committed any of the acts which would prohibit his discharge in bankruptcy. The conclusion in Mahaley is based, almost entirely, on the earlier decision of In re Thompson, D.C., 51 F.Supp. 12. The decision in the latter is no more applicable than that in Holmes. In each, the debtor had not been discharged in bankruptcy within the six year period. He had merely filed a petition for an extension under which he had paid, rather than discharged his debts. In my view, there is nothing ambiguous, conflicting or mysterious about the language of the statutes under scrutiny. The petitioner was granted a discharge in bankruptcy within the six year period prescribed in § 32, sub. c(5). Under the plan for extension, disclosed by this record, the petitioner is entitled to ask for a discharge of his indebtedness under the provisions of § 1061. The Referee is precluded from confirming such a plan under the mandate of 11 U.S.C. § 1056, as encompassed by § 1002 and § 32, sub. c (5).

The factual periphery of In re Philip Schlageter, 319 F.2d 821 (3 Cir. 1963), is identical with the one here exhibited. The referee was convinced, as am I, that Judge Smith's interpretation and analysis of the various statutes was on a much sounder foundation than that of the per curiam opinion in Edins v. Helzberg's Diamond Shops, Inc., supra, and some of the district court cases which have

been mentioned. Although the opinion in Holmes was published at the time of the decision in Schlageter, no mention is made of the former in the latter opinion. In any event, as previously mentioned, entirely different principles of law and fact are involved in Holmes.

Finding no error, the Order of Dismissal must be affirmed.

It is so ordered.