James L. BARNES, Plaintiff-Appellant,

v.

Charles David MALEY, Trustee, Defendant-Appellee.

No. 15459.

United States Court of Appeals Seventh Circuit.

May 23, 1966.

Louis S. Feinn, Chicago, Ill., for appellant.

Barry A. Pitler, Chicago, Ill., amicus curiae; Elliott L. Du Bois, Chicago, Ill., of counsel.

Charles David Maley, Chicago, Ill., for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellant, James L. Barnes, filed a debtor's petition in bankruptcy on March 23, 1964. The defendant-appellee, Charles David Maley, was appointed trustee of the estate and duly qualified as such. On January 7, 1965, he filed a specification of objections to the discharge of the plaintiff in bankruptcy, on the following ground:

In a proceeding under the Bankruptcy Act commenced in the United States District Court for the Northern District of Illinois, Eastern Division, on March 14, 1960, within six (6) years prior to the date of the filing of the petition in bankruptcy herein, the bankrupt, on September 27, 1961, was granted a discharge.

The plaintiff filed his petition to dismiss and strike the specification as insufficient in law. In his Order denying plaintiff a discharge in bankruptcy, the Referee noted that the prior discharge to which the trustee referred was in proceedings under Chapter XIII of the Act of Congress relating to Bankruptcy, proceedings numbered 60B 1575, filed March 14, 1960.

In his petition for review of the Referee's Order, the plaintiff alleged that the prior proceedings related to a plan for mere extension of debts and not to a composition such as would have barred the plaintiff from obtaining a discharge in bankruptcy under Title 11 U.S.C.A. § 32(c) (5) which provides:

The court shall grant the discharge unless satisfied that the bankrupt has * * * (5) in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title; * * *.

We are thus satisfied that, contrary to the assertions of the trustee in this Court, the plaintiff did raise the issue of the nature of the prior proceedings in apt time, and he is not barred from arguing that issue in this appeal.

The learned District Judge, finding a conflict in the decided cases as to whether a prior discharge in a wage-earner's extension proceeding operated to bar discharge in a subsequent straight bankruptcy proceeding commenced within six years of the aforesaid discharge, resolved the conflict in favor of what appeared to be the better reasoned view. He denied a discharge and this appeal followed.

The District Judge did not have the benefit of the later determination by the

United States Supreme Court in Perry v. Commerce Loan Co., 1966, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827. In that case a wage-earner was denied confirmation of his plan for an extension of time within which to pay his debts from future earnings because he had previously obtained a discharge in straight bankruptcy within six years. The District Court in *Perry* upheld the dismissal of the wage-earner's petition and the Sixth Circuit Court of Appeals affirmed his decision. The Supreme Court granted certiorari.

After a full review of the background and history of Chapter XIII, the Supreme Court opinion makes the following comment:

> We should note at the outset that in his present application for relief Perry did not file a straight, voluntary bankruptcy action in the District Court, nor "a composition or an arrangement by way of composition or a wage earner's plan by way of composition." He proposed to pay all his debts, secured and unsecured, and sought only an extension of time—28 months—in which to pay them in equal installments from his future wages. Ordinarily, a wage earner seeking to obtain the benefits of extension proceedings under Chapter XIII need only file a plan that meets the approval of the majority of his creditors, § 652, 11 U.S.C. § 1052, and is confirmed by the court; whereupon the plan becomes binding, § 657, 11 U.S.C. § 1057, and the appointed trustee commences collecting and disbursing to the creditors the periodic payments provided under the plan. Extension plans, therefore, differ materially from straight bankruptcy, arrangements under Chapters XI and XII, and wage-earner plans by way of composition, all of which contemplate only a partial payment of the wage earner's debts. Indeed, under an extension plan, the wage earner who makes the required payments will have paid his debts in full and will not need a discharge, even though the Act provides for a formal one. § 660.

The Supreme Court concluded:

> In view of these considerations and the purposes of Chapter XIII as outlined above, we do not believe that the Congress intended to apply the six-year bar of § 14(c) (5) to the confirmation of wage-earner extension plans. The six-year bar was enacted 35 years prior to the adoption of Chapter XIII, 32 Stat. 797 (1903), at a time when no relief corresponding to extension plans existed under the Bankruptcy Act. The unmistakable purpose of the six-year provision was to prevent the creation of a class of habitual bankrupts—debtors who might repeatedly escape their obligations as frequently as they chose by going through repeated bankruptcy. See H.R.Rep.No.1698, 57th Cong., 1st Sess., 2 (1902) ; In re Thompson, D.C., 51 F.Supp. 12, 13 (1943). But an extension plan has no escape hatch for debtors, it is "a method by which, without resorting to bankruptcy proceedings in the usual sense, a wage earner may meet the claims of creditors." S.Rep.No.179, 86th Cong., 1st Sess., 2 (1959). To apply the six-year bar at the time of confirmation of an extension plan would be both illogical and in head-on collision with the congressional purpose as announced in the adoption and design of extension plans under Chapter XIII.

■ Although the situation here differs from that in *Perry* in that the discharge in a Chapter XIII proceeding is sought to be held a bar to discharge in bankruptcy, rather than the reverse, we believe that the principle enunciated in *Perry* is controlling. The decision of the District Court is, therefore, reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.