**Samuel J. FISHMAN, Objecting-Creditor-Appellant,**

**v.**

**Isadore VERLIN, Murray Verlin and Samuel Malkin, individually and as co-partners, doing business as Verlin & Sons and as White City Packing Company, Bankrupts-Appellees.**

No. 287, Docket 24791.

United States Court of Appeals Second Circuit.

Argued April 30, 1958.

Decided May 13, 1958.

Samuel L. Nadler, of Finkel & Nadler, New York City, for objecting-creditor-appellant.

Paul H. Riess, of Genzer, Sachs, Marcus & Riess, New York City, for bankrupts-appellees.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

This appeal, arising upon stipulated facts, presents but one question, viz., whether a debtor is barred from a discharge under Section 14, sub. c(5) of the Bankruptcy Act,[1] 11 U.S.C.A. § 32, sub. c(5), where he was forced into involuntary bankruptcy within six years after entering into an extension arrange-

---

1. Section 14(c) (5) states:
   "The court shall grant the discharge unless satisfied that the bankrupt * * * (5) * * * within six years prior to the date of the filing of the pe- tition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act; * * *"

ment under which only 13% of the debts had been paid. In a comprehensive, well-reasoned opinion, the Referee concluded that an extension arrangement did not fall within the statutory bar and granted the discharge. His action the district judge confirmed.

We too uphold the discharge. Especially significant is the distinction between extensions and compositions under § 14, sub. c(5) which is found in the legislative history of the Chandler Act. H.Rep. No. 1409 at p. 29, 75th Cong., 1st Sess.

Affirmed.