255 F.2d 682
 Samuel J. FISHMAN, Objecting-Creditor-Appellant,
v.
Isadore VERLIN, Murray Verlin and Samuel Malkin, individually and as co-partners, doing business as Verlin & Sons and as White City Packing Company, Bankrupts-Appellees.
 No. 287.
 Docket 24791.
 United States Court of Appeals Second Circuit.
 Argued April 30, 1958.
 Decided May 13, 1958.
 
 Samuel L. Nadler, of Finkel & Nadler, New York City, for objecting-creditor-appellant.
 Paul H. Riess, of Genzer, Sachs, Marcus & Riess, New York City, for bankrupts-appellees.
 Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal, arising upon stipulated facts, presents but one question, viz., whether a debtor is barred from a discharge under Section 14, sub. c(5) of the Bankruptcy Act,[1] 11 U.S.C.A. § 32, sub. c(5), where he was forced into involuntary bankruptcy within six years after entering into an extension arrangement under which only 13% of the debts had been paid. In a comprehensive, well-reasoned opinion, the Referee concluded that an extension arrangement did not fall within the statutory bar and granted the discharge. His action the district judge confirmed.
 
 
 2
 We too uphold the discharge. Especially significant is the distinction between extensions and compositions under § 14, sub. c(5) which is found in the legislative history of the Chandler Act. H.Rep. No. 1409 at p. 29, 75th Cong., 1st Sess.
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 14(c) (5) states:
 "The court shall grant the discharge unless satisfied that the bankrupt * * * (5) * * * within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this Act; * * *"