**In the Matter of Philip G. SCHLAG-ETER, Debtor,**

**Philip G. Schlageter, Appellant.**

**No. 14178.**

United States Court of Appeals Third Circuit.

Argued March 19, 1963.

Decided July 5, 1963.

Isadore B. Miller, Paterson, N. J. (Miller & Platt, Paterson, N. J., on the brief), for debtor-appellant.

Simon J. Griffinger, Newark, N. J., for appellee.

Before HASTIE, GANEY and SMITH, Circuit Judges.

SMITH, Circuit Judge.

The appellant, a wage earner within the meaning of the statute hereinafter cited, filed a petition for relief under Chapter XIII of the Bankruptcy Act, as amended, 11 U.S.C. §§ 1001–1086, and particularly Section 622 thereof, 11 U.S. C. § 1022. His statement of affairs disclosed that he had been granted a discharge in bankruptcy within six years next preceding the filing of the said petition. The Referee in Bankruptcy dismissed the petition on the ground that relief was barred by section 656, sub. a of the Act, 11 U.S.C. § 1056, sub. a. The appellant moved to vacate the order of dismissal and, after hearing, the motion was denied.

The matter came before the District Court on a petition for review filed by the appellant pursuant to section 39, subd. c of the Act, 11 U.S.C. § 67, sub. c. The order of dismissal was sustained and the said petition was dismissed. The present appeal followed. We have found no case in which the precise question here raised has been decided by any court of appeals, and the decisions of the district courts appear to be in conflict.

The relevant statutory provisions of Chapter XIII, supra, are as follows:

"Sec. 602. The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter * *." 11 U.S.C.A. § 1002.

"Sec. 656. (a) The Court shall confirm a plan if satisfied that— * * *

(3) the debtor has not been guilty of any of the acts or failed to perform any of the duties which would! be a bar to the discharge of the bankrupt * * *." 11 U.S.C.A. § 1056.

The following provisions of Chapter III, incorporated by reference, are made applicable to proceedings under Chapter XIII:

"Sec. 14c. The court shall grant the discharge unless satisfied that the bankrupt has * * * (5) in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title * * *." 11 U.S.C.A. § 32, sub. c.

The appellant here argues that since his plan of arrangements proposes nothing more than an extension of time within which to pay his debts, and not a discharge, relief under Chapter XIII is not barred by Section 14, sub. c, supra. The argument is based upon an erroneous interpretation of section 656, sub. a, supra, and fails to take into consideration sections 660 and 661 of the Act, 11 U.S.C. §§ 1060 and 1061. The provisions of sections 656, sub. a, 660 and 661 are in pari materia and must be construed together. We should add here that a debtor who files a petition under the said chapter has no discretion to limit the proceeding or restrict the result; regardless of his desires, there must be compliance with the statutory provisions.

Section 60 provides that upon "compliance by the debtor with the provisions of the plan and upon completion of all payments to be made thereunder, the court shall enter an order discharging the debtor from all his debts and liabilities provided for by the plan, but excluding such debts as are not dischargeable under section 35 of this title held by creditors who have not accepted the plan."

(Amendment of July 7, 1952). The entry of an order of discharge is essential to adequate relief under the statutory scheme. It operates to release the debtor from all dischargeable debts and liabilities provided for by the plan, including those covered by claims disallowed under section 633(1), 11 U.S.C. § 1033(1). These may include claims not filed within the time prescribed by section 57n, 11 U.S.C.A. 93(n). See In re Maye, 180 F.Supp. 43 (D.C., E.D.Va.1958); In re Heger, 180 F.Supp. 147 (D.C., Minn. 1959). The order of discharge is also a bar to the entry of judgment in an action based upon any debt or liability provided for in the plan.

Section 661 provides: "If at the expiration of three years after the confirmation of a plan the debtor has not completed his payments thereunder, the court MAY NEVERTHELESS, upon the application of the debtor and after hearing upon notice, IF SATISFIED THAT THE FAILURE OF THE DEBTOR TO COMPLETE HIS PAYMENTS WAS DUE TO CIRCUMSTANCES FOR WHICH HE COULD NOT BE JUSTLY HELD ACCOUNTABLE, enter an order DISCHARGING THE DEBTOR FROM ALL HIS DEBTS AND LIABILITIES PROVIDED FOR BY THE PLAN, but excluding such debts as are not dischargeable under section 35 of this title held by creditors who have not accepted the plan." (Amendment of July 7, 1952). (Emphasis supplied). It is clear that under this section the court, in the exercise of its discretion, may enter an order of discharge upon the application of the debtor and upon a determination that the statutory conditions are present.

A proceeding under Chapter XIII of the Act, supra, is analogous to an ordinary bankruptcy proceeding in many of its aspects except that in the former a wage earner may obtain a release from all his dischargeable debts and liabilities without suffering the attendant consequences of a bankruptcy adjudication. An order of discharge is clearly contemplated under the statutory plan. We therefore hold that any offense or action which would bar a discharge in bankruptcy, section 14, sub. c, supra, precludes confirmation of a wage earner plan, section 656, sub. a, supra. Collier on Bankruptcy, 14th Ed., Vol. 9, § 29.06, page 684.

The final order of the District Court will be affirmed.