**In the Matter of John E. FONTAN, Debtor.**

**No. 2303–B.**

United States District Court
S. D. Mississippi, E. D.
March 23, 1964.

Crain & Crain, Meridian, Miss., for the debtor.

Charles W. Busby, Jackson, Miss., referee in bankruptcy.

WILLIAM HAROLD COX, Chief Judge.

This is a review of a judgment of the Referee dismissing a Wage Earner Plan under Chapter XIII.

The debtor filed his petition under Chapter 13, Wage Earners' Plan, 11 U.S. C.A. § 1001 et seq., to avail of the benefits of that Act. The debtor was discharged in bankruptcy on December 8, 1961. This petition was filed on February 4, 1964. The Referee to whom the proceeding was referred by the Court dismissed the application summarily on February 5, 1964, on the ground that the debtor had been discharged in bankruptcy within the proscribed period of six years prior to the filing of his petition in this case. The debtor moved to vacate the order, and on February 13, 1964, duly requested this review of that order by the Court.

It is the theory of the debtor in effect that said discharge in bankruptcy within six years does not apply to a Wage Earner's Plan Petition; that he is not seeking bankruptcy, or a discharge of his debts, but is seeking an opportunity to pay his debts in full in accordance with a deferred plan which he submits. 11 U.S. C.A. § 1002 expressly incorporates Chapters 1 to 7 of the Bankruptcy Act insofar as they may not be inconsistent, or in conflict with Chapter 13. That section further provides that: "For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter." 11 U.S.C.A. § 1056 requires the Court to confirm a plan if satisfied that: "(1) [T]he provisions of this chapter have been complied with; * * (4) [T]he debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of a bankrupt; and" 11 U.S. C.A. § 32 as amended in 1960 (Chapter 3) provides that the Court shall grant a discharge unless satisfied that the bankrupt has "in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy had been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title." It is clear that the referee was correct in dismissing this proceeding at its inception. These proceedings are not separate and apart from bankruptcy as is erroneously supposed here. No adjudication is contemplated, but it cannot be said that a discharge will not follow the execution of an approved plan. It is not a mere deferment or postponement of a debtor's obligations which is requested and will be granted in a proper proceeding. The Act gave the Referee no alternative but to dismiss the proceeding in which he could grant no relief. That is the view expressed and the result reached in Matter of Schlageter, (3 C.A.), 319 F.2d 821.

Accordingly, the judgment of the Referee is affirmed and the debtor will be taxed with costs. An order accordingly will be prepared by the Court.