In the Matter of Warren W. PERRY, Debtor.

Warren W. PERRY, Appellant,

v.

COMMERCE LOAN COMPANY, Appellee.

No. 15809.

United States Court of Appeals Sixth Circuit.

Jan. 25, 1965.

Robert J. Harris, Cincinnati, Ohio, for appellant.

R. Howard Smith, Newport, Ky., for appellee.

Before WEICK, Chief Judge, CECIL, Circuit Judge, and KENT, District Judge.*

PER CURIAM.

Perry, the debtor, filed in the District Court a Wage Earner Plan under Chapter XIII of the Bankruptcy Act, 11 U.S.C. §§ 1001–1086. His petition revealed, however, that he had previously filed a petition in bankruptcy within six years of filing the Wage Earner Plan and had been granted a discharge in bankruptcy. The referee, for that reason, denied his application for confirmation of the plan and upon motion of a creditor dismissed the petition. This ruling was affirmed by the District Judge upon review of the referee's order.

The only question before us is whether the previous bankruptcy within six years barred confirmation of the plan and warranted dismissal of the case.

In order to confirm the plan, the court must be satisfied among other things, that "the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of a bankrupt." 11 U.S.C. § 1056 (3).

A discharge within six years operates as a bar to the discharge of a bankrupt. 11 U.S.C. § 32(c) (5).

The plain language of the Act prevented the court from confirming the plan in the present case. The fact that a Wage Earner Plan seeking an extension of time to pay the indebtedness was involved, instead of another ordinary bankruptcy case, was immaterial. The statutory bar existed in either case.

If proceedings of this type are to be exempted from the provisions of Section 32(c) (5), such exemption should be made by Congress and not by the courts. The National Bankruptcy Conference has proposed amendments to the Act which would permit the filing of such proceedings within six years. See Proceedings of Nat'l Bankruptcy Conf. 1961 Ann. Meeting, Res. No. 2, and Proceedings of Nat'l Bankruptcy Conf. Ann. Meeting of October 25–26, 1962.

Our views are supported by In the Matter of Schlageter, 319 F.2d 821 (C.A. 3, 1963); In re Jensen, 200 F.2d 58 (C.A. 7, 1952); In the Matter of Fontan, 227 F.Supp. 973 (S.D.Miss.1964); In the Matter of Nicholson, 224 F.Supp. 773 (D.Ore.1963); In the Matter of Bingham, 190 F.Supp. 219 (D.Kan.1960), aff'd 10 Cir., 297 F.2d 341.

There are other decisions, which we do not follow, that have reached a contrary result. Edins v. Helzberg's Diamond Shops, Inc., 315 F.2d 223 (C.A. 10, 1963); In re Sharp, 205 F.Supp. 786 (W.D.Mo. 1962); In the Matter of Mahaley, 187 F.Supp. 229 (S.D.Cal.1960); In the Matter of Verlin, 148 F.Supp. 660 (E.D.N.Y. 1957), aff'd Fishman v. Verlin, 255 F.2d 682 (C.A. 2, 1958). In our opinion the statute is not susceptible to the construction given it in these cases.

Affirmed.

---

* Sitting by designation from the U. S. District Court, Western District of Michigan.